Crawford v. SOT
















NUMBER 13-03-00293-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                      

DONALD RAY CRAWFORD, JR.,                                                Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                      

On appeal from the 24th District Court of Jackson County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

            A jury found appellant, Donald Ray Crawford, Jr., guilty of the offense of aggravated
robbery.


 After finding an enhancement paragraph in the indictment to be true, the trial
court assessed appellant’s punishment at seventy-five years imprisonment. The trial court
has certified that this case “is not a plea-bargain case, and the defendant has the right to
appeal.” See Tex. R. App. P.25.2(a)(2). In a single issue, appellant contends the evidence
is insufficient to support his conviction for aggravated robbery because there is no
evidence that he used or exhibited a firearm during the commission of the offense. We
affirm.
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
A. Standard of Review
          When we review the legal sufficiency of the evidence, we view all the evidence in
the light most favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson v. 
Virginia, 443 U.S. 307, 319 (1979); Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. 
App. 2003). Questions concerning the credibility of the witnesses and the weight to be
given their testimony are to be resolved by the trier of fact. Mosley v. State, 983 S.W.2d
249, 254 (Tex. Crim. App. 1998). Evidence is not rendered insufficient when conflicting
evidence is introduced. Matchett v. State, 941 S.W.2d 922, 936 (Tex. Crim. App. 1996). 
We assume that the fact finder resolved conflicts, including conflicting inferences, in favor
of the verdict, and must defer to that resolution. Id.
          We measure the legal sufficiency of the evidence by the elements of the offense as
defined by a hypothetically correct jury charge for the case. See Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997); Wheaton v. State, 129 S.W.3d 267, 271-72 (Tex.
App.–Corpus Christi 2004, no pet.). This hypothetically correct jury charge is one that sets
out the law, is authorized by the indictment, does not unnecessarily increase the State’s
burden of proof or unnecessarily restrict the State’s theories of liability, and adequately
describes the particular offense for which the defendant is tried. Malik, 953 S.W.2d at 240;
see also Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000) (“We believe the ‘law’
as ‘authorized by the indictment’ must be the statutory elements of the offense . . . as
modified by the charging instrument.”).
          We also measure the factual sufficiency of the evidence by the elements of the
offense as defined by a hypothetically correct jury charge for the case. Wheaton v. State,
129 S.W.3d 267, 272 (Tex. App.–Corpus Christi 2004, no pet.). In reviewing the factual
sufficiency of the elements of the offense on which the State carries the burden of proof,
we impartially examine all of the evidence and set aside the verdict only if "proof of guilt
is so obviously weak as to undermine confidence in the [fact-finder's] determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by the contrary
proof." Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003) (citing Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). We are also required to accord due
deference to the fact finder's determinations on the weight and credibility of the evidence
and may not merely substitute our own judgment. Swearingen, 101 S.W.3d at 97;
Johnson, 23 S.W.3d at 7; see Mosley, 983 S.W.2d at 254 (questions concerning credibility
of witnesses and weight given their testimony are resolved by trier of fact).
                                                      B. Applicable Law 
          A person commits the offense of aggravated robbery if he commits the offense of
robbery and he uses or exhibits a deadly weapon. Tex. Pen. Code Ann. § 29.03(a)(2)
(Vernon 2003). A “deadly weapon” is defined as “a firearm or anything manifestly
designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or
. . . anything that in the manner of its use or intended use is capable of causing death or
serious bodily injury.” Tex. Pen. Code Ann. § 1.07(a)(17) (Vernon Supp. 2004). The actor
need not actually intend death or serious bodily injury; an object is a deadly weapon if the
actor intends a use of the object in which it would be capable of causing death or serious
bodily injury. McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). 
C. Analysis 
          Appellant contends the evidence is insufficient to support his conviction for
aggravated robbery because there is no evidence that he used or exhibited a firearm
during the commission of this offense. The indictment alleged that appellant “in the
commission of this offense, did use and exhibit a deadly weapon, to-wit: a firearm and a
tire tool that in the manner of its use and intended use was capable of causing death and
serious bodily injury.”
          Appellant does not challenge the sufficiency of the evidence that during the
commission of the offense, he used or exhibited a tire tool that in the manner of its use and
intended use was capable of causing death and serious bodily injury. Alternate pleading
of the differing methods of committing an offense may be charged in one indictment. 
Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991). Although the indictment
may allege the differing methods of committing the offense in the conjunctive, it is proper
for the jury to be charged in the disjunctive. Id. When the jury returns a general verdict
and the evidence is sufficient to support a guilty finding under any of the allegations
submitted, the verdict will be upheld. Id. 
          In this case, the indictment alleged in the conjunctive, that appellant used and
exhibited a firearm and a tire tool. The jury was charged in the disjunctive, that if it found
that appellant, while committing theft, “did then and there exhibit a deadly weapon in the
commission of said acts, to-wit: a firearm or a tire tool, that in the manner of its use or
intended use was capable of causing death or serious bodily injury, then” it should find
appellant guilty of the offense of aggravated robbery. The jury found appellant “guilty of
the offense of aggravated robbery as alleged in the indictment.” Thus, if there is sufficient
evidence in the record that appellant exhibited a tire tool that in the manner of its use or
intended use was capable of causing death or serious bodily injury, we must uphold the
verdict. See Rabbani, 847 S.W.2d at 558. 
          The victim, a convenience store clerk, testified she was scared to death because
appellant raised his shirt and showed her a black object. Appellant admitted having a tire
tool under his shirt. We conclude the jury could have reasonably found that the tire tool,
in the manner of its use or intended use, was capable of causing death or serious bodily
injury. Viewing the evidence in the light most favorable to the verdict and measuring it
against the essential elements of the offense of aggravated robbery as defined by a
hypothetically correct jury charge, we conclude that any rational juror could have found the
essential elements of the offense beyond a reasonable doubt. Furthermore, we conclude
the evidence: (1) is not so obviously weak as to undermine confidence in the jury’s
determination; and (2) is not greatly outweighed by contrary proof. See Swearingen, 101
S.W.3d at 97. Accordingly, we hold the evidence is legally and factually sufficient to
support appellant’s conviction for aggravated robbery. Appellant’s sole issue is overruled. 
          The judgment of the trial court is affirmed.


                                                                           FEDERICO G. HINOJOSA
                                                                           Justice

Do not publish. Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed this the
12th day of August, 2004.