TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00533-CR






Carolyn Machalec Barnes, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY


NO. 02-1777-1, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING






O P I N I O N



A jury found appellant Carolyn Machalec Barnes guilty of interfering with a peace
officer and assessed a thirty-day jail term and a $1000 fine. See Tex. Pen. Code Ann. § 38.15 (West
2003). On the jury's recommendation, the trial court suspended imposition of sentence and placed
appellant on community supervision. We will sustain appellant's contention that the evidence is
legally insufficient to support the verdict, reverse the judgment of conviction, and render an acquittal. 
Because of our disposition of the evidence sufficiency point, we do not reach appellant's other
contentions.



Factual Background


On March 6, 2002, Department of Public Safety Trooper Mark Koenig stopped
appellant's pickup truck for speeding. Appellant's seven-year-old son was also in the truck. 
Because of busy highway traffic, Koenig approached appellant's vehicle on the passenger side and
opened the door to speak to appellant. He testified that he opened the door because of the noise of
the truck's diesel engine and because "it appeared that the driver was signaling for me to open the
door, that they couldn't reach it." The opening of her truck's door angered appellant, who began to
berate the officer about the stop and his conduct. Koenig closed the truck's door and continued to
speak to appellant through the open passenger window. He then returned to his patrol car to verify
appellant's identity.

As Koenig sat in his patrol car, appellant's truck began to slowly move forward and
to the right, away from the lanes of traffic. Koenig called for assistance, then he returned to the
pickup, ordered appellant to stop, and instructed her to get out of the truck. Appellant stopped
moving forward but remained inside the truck. To prevent appellant's further movement, one of the
officers who responded to Koenig's call for assistance, Deputy Ralph Fisher, parked his patrol
vehicle in front of appellant's truck and Koenig moved his vehicle forward to appellant's back
bumper.

Appellant did not comply with Koenig's repeated requests to open her windows,
unlock her doors, and accept the speeding citation. She also refused to get out of her truck or to turn
off the truck's engine. For the most part, she ignored the officers; at one point, she appeared to be
reading a book. About ten minutes into the incident, appellant began searching in her purse and
under her seat. Koenig, fearing that appellant was reaching for a weapon, drew his service weapon,
pointed it at appellant, and ordered her to show her hands. Koenig repeatedly asked appellant to
keep her hands in view throughout the remainder of the incident.

Approximately forty minutes after the stop, and after consulting by phone with a
superior officer, Koenig advised appellant that she was under arrest for evading arrest and refusing
to accept the speeding citation. He then broke a window in appellant's truck and opened the doors. 
Koenig restrained appellant while Fisher attempted to restrain appellant's son. Appellant shouted
for the boy to run. He first turned as if to run onto the highway, then ran to a nearby gas station
where he was stopped by a civilian.

The entire incident was videotaped by a camera in Koenig's patrol car. The tape, with
some edits made in response to appellant's objections, was shown to the jury.


Legal Background


"A person commits an offense if the person with criminal negligence interrupts,
disrupts, impedes, or otherwise interferes with a peace officer while the peace officer is performing
a duty or exercising authority imposed or granted by law." Tex. Pen. Code Ann. § 38.15(a)(1). (1) A
person is criminally negligent with respect to the result of her conduct when she ought to be aware
of a substantial and unjustifiable risk that the result will occur. Id. § 6.03(d).

In April 2002, a complaint and information were filed alleging that on or about March
6, 2002, appellant:



did then and there while M. Koenig, a peace officer, was performing a duty or
exercising authority imposed or granted by law, to wit: issuing a traffic citation, with

criminal negligence, interrupt, disrupt, impede, or interfere with the said M. Koenig
by refusing to comply with M. Koenig's lawful order to roll down her window or
unlock and open her door.



On June 23, 2003, the day appellant's trial was set to begin, the State moved to amend the
information. The motion was granted over appellant's objection. The court's order granting the
motion reads as follows:


Having heard the State's motion to amend the information, it is hereby
ordered that the information in the above-entitled cause be amended to read as
follows: to delete on the filed information the paragraph beginning "while M.
Koenig, a peace officer" and ending with "open her door" and replace it with the
following: "with criminal negligence interrupt, disrupt, impede, and otherwise
interfere with the said M. Koenig by driving her vehicle forward while the said
defendant was lawfully detained; and by directing her minor child to leave her
vehicle and run in an area near traffic; and by continuously refusing to obey orders
regarding officer safety, while M. Koenig, a peace officer, was performing a duty or
exercising authority imposed or granted by law, to wit: to preserve the peace within
the officer's jurisdiction."



After granting the motion to amend, the court reset the cause for trial in August 2003. (2)

In its charge, the court authorized appellant's conviction if the jury found beyond a
reasonable doubt that she:





with criminal negligence interrupt[ed], disrupt[ed], impede[d], and otherwise
interfere[d] with M. Koenig by driving her vehicle forward while [she] was lawfully
detained; and/or by directing her minor child to leave her vehicle and run in an area
near fast-moving traffic; and/or by continuously refusing to obey orders regarding
officer safety, while M. Koenig, a peace officer, was performing a duty or exercising
authority imposed or granted by law, to wit: to preserve the peace within the
officer's jurisdiction . . . .



The court further instructed the jury:



It is the duty of every peace officer to preserve the public peace within the
officer's jurisdiction. To effect this purpose, the officer shall employ all lawful
means. The officer shall in every case authorized by law interfere without warrant
to prevent or suppress crime, and shall arrest offenders without warrant in every case
where the officer is authorized by law.



See Tex. Code Crim. Proc. Ann. art. 2.13(a), (b)(1), (4) (West Supp. 2004-05). The charge went on
to inform the jury that an officer may detain a person who the officer reasonably believes has
committed a traffic violation, and that an officer may arrest a person for speeding if that person
refuses to make a written promise to appear. See Tex. Transp. Code Ann. § 543.001 (West 1999),
§§ 543.004(a), .005 (West Supp. 2004-05). In other words, the jury was instructed to convict
appellant on a finding that her alleged conduct had negligently interrupted, disrupted, impeded, and
otherwise interfered with her detention or arrest for speeding.


Sufficiency of Evidence


Appellant contends that the evidence is legally insufficient to sustain her conviction. 
In a legal sufficiency challenge, the evidence is viewed in the light most favorable to the verdict to
determine whether a rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979); Griffin v. State, 614
S.W.2d 155, 158-59 (Tex. Crim. App. 1981). All evidence before the jury, whether rightly or
wrongly admitted, is considered. Camarillo v. State, 82 S.W.3d 529, 537 (Tex. App.--Austin 2002,
no pet.). When alternative theories of committing the same offense are submitted to the jury in the
disjunctive and the jury returns a general verdict of guilty, the verdict will be sustained if the
evidence is sufficient to support a finding of guilt under any of the theories submitted. Kitchens v.
State, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991).

Appellant's prosecution rests on her lack of cooperation with Officer Koenig as he
attempted to cite her for speeding. Although traffic law violations ordinarily result only in a written
citation, a violator is subject to warrantless custodial arrest if she refuses to make a written promise
to appear. Tex. Transp. Code Ann. §§ 543.001, .005. Even a person who is stopped for
speeding--who by statute must be issued a citation--may be taken into custody if she refuses to
make a written promise to appear. Id. § 543.004(a). Thus, under the transportation code, the
consequence for a driver who refuses to accept citation is immediate custodial arrest for the traffic
offense. We do not believe that a traffic law violator who directly or indirectly refuses citation may
also be prosecuted under section 38.15 on the theory that the refusal disrupts, impedes, or otherwise
interferes with the officer's performance of his official duties. The transportation code authority to
arrest for a traffic offense would be unnecessary if an officer could arrest a traffic offender for
violating section 38.15 under these circumstances.

Moreover, on this record, no rational trier of fact could find beyond a reasonable
doubt that appellant negligently interrupted, disrupted, impeded, or otherwise interfered with her
detention or arrest "by directing her minor child to leave her vehicle and run in an area near fast-moving traffic." The only evidence supporting this theory of the offense, appellant shouting to her
son to run after the officers broke into her truck, consists of speech only and cannot serve as the basis
for a conviction under section 38.15. See Tex. Pen. Code Ann. § 38.15(d).

Further, no rational trier of fact could find beyond a reasonable doubt that appellant
negligently interrupted, disrupted, impeded, or otherwise interfered with her detention or arrest for
speeding "by driving her vehicle forward while she was lawfully detained." Appellant had already
been detained when she moved her truck forward, and that status was not affected by this conduct. 
This conduct did not interfere with appellant's arrest because the evidence shows without dispute
that the officer was not attempting to arrest appellant at the time she moved forward; the decision
to make a custodial arrest came much later in the incident.

Finally, no rational trier of fact could find beyond a reasonable doubt that appellant 
negligently interrupted, disrupted, impeded, or otherwise interfered with her detention or arrest for
speeding "by continuously refusing to obey orders regarding officer safety." The only evidence
supporting this allegation is that Koenig repeatedly ordered appellant to keep her hands visible. 
Koenig testified that these orders were prompted by appellant rummaging through her purse and
under the seat of her truck, which led him to fear that she might be reaching for a weapon. (3) But once
again, appellant had already been detained, and the decision to arrest had not been made. There is
no basis in the record for concluding that the need to repeatedly order appellant to keep her hands
visible interfered with either her detention or her arrest.

We hold that the evidence is legally insufficient to sustain appellant's conviction,
reverse the judgment of conviction, and render a judgment of acquittal. See Burks v. United States,
437 U.S. 1, 15-18 (1978); Greene v. Massey, 437 U.S. 19, 24-27 (1978); Tex. R. App. P. 43.2(c).



 ___________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Reversed and Rendered

Filed: May 26, 2005

Publish
1. Section 38.15 also proscribes interference with persons performing emergency medical services,
fire fighters who are fighting or investigating a fire, animals being used for law enforcement or
related purposes, and emergency radio transmissions. Tex. Pen. Code Ann. § 38.15(a)(2)-(5) (West
2003).
2. Appellant raises several challenges to the court's grant of the motion to amend. For the purpose
of this opinion, we will assume that the information was effectively amended.
3. There is no evidence that appellant had a weapon in the truck.