**William Joseph KITCHENS, Appellant,**

v.

**the STATE of Texas, Appellee.**

No. 69655.

Court of Criminal Appeals of Texas, En Banc.

Oct. 30, 1991.

Rehearing Denied Dec. 4, 1991.

Stan Brown (court appointed on appeal), Jon McDurmitt (court appointed), Abilene, for appellant.

Jorge A. Solis, Dist. Atty., and Melissa Annis, Asst. Dist. Atty., Abilene, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Presiding Judge.

A jury found appellant, William Joseph Kitchens, guilty of capital murder. The trial court assessed the death sentence after the jury answered the special issues in the affirmative. On appeal to this Court, appellant raises seven points of error. We will affirm.

Appellant complains in his first point of error that the trial court erred when it submitted to the jury the alternative theories of committing the offense of capital murder in one application paragraph which had been alleged in separate paragraphs of the indictment.[1] Appellant argues that the trial court's instructions failed to require a unanimous verdict. Specifically, appellant argues that some jurors may have found him guilty of murder in the course of aggravated sexual assault while others may have found him guilty of murder in the course of robbery. He insists such to be "fundamentally erroneous," since if such did occur the verdict would not have been unanimous. We disagree.

---

1. Three counts of the indictment alleged that appellant intentionally committed the murder of Patricia Leann Webb in the course of committing kidnapping, robbery and aggravated sexual assault. At the guilt-innocence phase of the trial, in one application paragraph, the court instructed the jury on the law concerning murder in the course of committing robbery and the law concerning murder in the course of aggravated sexual assault. The instruction read:

    "Now if you find from the evidence beyond a reasonable doubt that on or about the 17th day of May, 1986, in Taylor County, Texas, the defendant WILLIAM JOSEPH KITCHENS, did intentionally cause the death of PATRICIA LEANN WEBB by shooting her with a handgun or by strangling the said PATRICIA LEANN WEBB while in the course of committing or attempting to commit the offense of robbery or sexual assault as hereinabove defined, of the said PATRICIA LEANN WEBB, then you will find the defendant guilty of capital murder."

    The jury returned a general verdict of guilty of capital murder.

This Court has held that alternate pleading of the differing methods of committing one offense may be charged in one indictment. *Marquez v. State,* 725 S.W.2d 217, 239 (Tex.Cr.App.1987); *Quinones v. State,* 592 S.W.2d 933 (Tex.Cr.App.1980), cert. denied, 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980); *Jurek v. State,* 522 S.W.2d 934, 941 (Tex.Cr.App.1975), *affirmed,* 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976). And although the indictment may allege the differing methods of committing the offense in the conjunctive, it is proper for the jury to be charged in the disjunctive. *Vasquez v. State,* 665 S.W.2d 484, 486–487 (Tex.Cr.App.1984); *Zanghetti v. State,* 618 S.W.2d 383, 387–388 (Tex.Cr.App.1981). It is appropriate where the alternate theories of committing the same offense are submitted to the jury in the disjunctive for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted. *Aguirre v. State,* 732 S.W.2d 320, 326 (Tex.Cr.App.1987) (opinion on rehearing); *Bailey v. State,* 532 S.W.2d 316, 322–323 (Tex.Cr.App.1976); Article 37.07 § 1(a), V.A.C.C.P. Indeed, the Supreme Court has determined that "there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict." *Schad v. Arizona,* — U.S. —, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991) (plurality opinion), quoting *McKoy v. North Carolina,* 494 U.S. 433, 449, 110 S.Ct. 1227, 1236, 108 L.Ed.2d 369 (1990).[2] As such, appellant's first point of error is overruled.

In his second point of error, appellant raises a claim of ineffective assistance of counsel in light of his arguments in point of error one. In order for this Court to answer appellant's claim there must be a finding that the charge was erroneous as appellant claimed. See *Strickland v. Washington,* 466 U.S. 668, 693, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984) (appellant must make an initial showing that the performance by his attorney was deficient). We have found otherwise and thus overrule appellant's second point of error.

In his third and fourth points of error, appellant asserts that the trial court's charge to the jury was fundamentally erroneous because it authorized a conviction on a theory not alleged in the indictment. Count two of the indictment alleged that appellant committed murder while in the course of committing the offense of robbery, and count three alleges that appellant committed murder while in the course of committing the offense of aggravated sexual assault. In the application paragraph of the court's charge, the jury was authorized to return a verdict of guilty if they found, among other things, that appellant committed murder "while ... in the course of committing or attempting to commit the offense of robbery or aggravated sexual assault...." Appellant maintains that inclusion of the words "or attempting to commit" in the court's charge authorized a conviction on a theory not alleged in the indictment thereby constituting fundamental error.[3] We disagree.

In *Riles v. State,* 595 S.W.2d 858 (Tex.Cr. App.1980), the defendant raised the same issue raised by appellant here. We stated that "[t]his argument rests on the idea that the allegation of 'in the course of committing robbery' does not include circumstances that would amount to 'in the course of ... attempting to commit the offense of robbery' as submitted in the Court's charge." 595 S.W.2d at 861. In *Riles,* this Court construed

"the phrase of Sec. 19.03(a)(2) to mean conduct occurring in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of the offense, i.e., in this case, of robbery. So construed, the charge did not authorize conviction on a theory not

---

**2.** The law requires a unanimous jury verdict in all criminal cases. Article 36.29, V.A.C.C.P. And the trial court's charge in the case before us required a unanimous verdict by the jury. The charge clearly states, "Your verdict must be unanimous, and after you have reached a unani-mous verdict, the Foreman will certify thereto by filling in the appropriate form attached to this charge and signing his name as Foreman."

**3.** No objection was made to this portion of the charge.

alleged in the indictment. The allegation of in the course of committing robbery included within it the allegation of in the course of attempting to commit robbery." 595 S.W.2d at 862.

See also *McGee v. State*, 774 S.W.2d 229, 234 (Tex.Cr.App.1989), and cases cited therein. Consequently, appellant's third and fourth points of error are overruled.

In points of error numbers five and six, appellant contends that trial counsel rendered ineffective assistance by failing to object to the court's charge authorizing a conviction for murder committed while in the course of "attempting" to commit robbery or aggravated sexual assault when that was not alleged in the indictment. As discussed above, the trial court did not err in charging the jury in the manner it did. Since the aggrieved portion of the jury charge was correct, trial counsel cannot be deemed to have been ineffective for his failure to object to it. See *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067. The fifth and sixth points of error are overruled.

■ In his last point of error, appellant alleges that the evidence is insufficient to prove murder in the course of aggravated sexual assault as alleged in the indictment. Appellant does not contest the sufficiency of the evidence to prove murder in the course of robbery which was also alleged in the indictment and submitted to the jury in the court's charge. It is settled that "when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, ... the verdict stands if the evidence is sufficient with respect to any of the acts charged." *Turner v. United States*, 396 U.S. 398, 420, 90 S.Ct. 642, 654, 24 L.Ed.2d 610 (1970). See also *United States v. Miller*, 471 U.S. 130, 136, 105 S.Ct. 1811, 1815, 85 L.Ed.2d 99 (1985); *Pinkerton v. United States*, 328 U.S. 640, 641 n. 1, 66 S.Ct. 1180, 1181 n. 1, 90 L.Ed. 1489 (1946); *Pinkerton v. State*, 660 S.W.2d 58, 62 (Tex.Cr.App. 1983), and the cases cited therein. Thus, the State need prove only one of the underlying offenses charged in the indictment in order to support the conviction for capital murder. Because appellant does not contest the sufficiency of the evidence to prove

a murder in the course of robbery his last point of error is overruled.

The judgment and sentence of the trial court are affirmed.

CLINTON and MILLER, JJ., concur in the result.