TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00364-CR

Lavern Burnem, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT

NO. 0962775, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

A jury found appellant guilty of murder and assessed punishment at imprisonment for
ninety-nine years. See Tex. Penal Code Ann. § 19.02 (West 1994). By a single point of error, appellant
contends the district court erred by failing to require a unanimous jury verdict with regard to the manner
and means by which she committed the offense. We will overrule this point of error and affirm the
conviction.

The indictment contained two paragraphs alleging (1) that appellant intentionally and
knowingly caused the victim's death by stabbing him with a knife and (2) that appellant, intending to cause
serious bodily injury, committed an act clearly dangerous to human life that resulted in the victim's death. 
See Penal Code § 19.02(b)(1), (b)(2). The court's charge authorized appellant's conviction if the jury
found that she intentionally or knowingly killed the victim or that she committed a clearly dangerous act that
caused the victim's death. Appellant argues that the charge should have required the jury to unanimously
find that appellant was guilty under either paragraph one or paragraph two of the indictment. Appellant
complains that under the charge given, some of the jurors may have believed that she was guilty because
she intentionally or knowingly killed the victim, while other jurors may have concluded that her guilt derived
from the commission of an act clearly dangerous to human life. Appellant contends the charge violated her
constitutional and statutory right to a unanimous verdict and thereby denied her due process and due course
of law. See U.S. Const. Amend. XIV; Tex. Const. art. I, § 19, & art. V, § 13; Tex. Code Crim. Proc.
Ann. art. 36.29(a) (West Supp. 1998).

There is no general requirement that the jury reach agreement on the preliminary factual
issues which underlie the verdict. Schad v. Arizona, 501 U.S. 624, 632 (1991). When the indictment
alleges alternate theories of committing the same offense, it is proper for the jury to be charged in the
disjunctive and to return a general verdict of guilty. Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim.
App. 1991); see Tex. Code Crim. Proc. Ann. art. 37.07, § 1(a) (West 1981) (verdict must be general). 
The conviction will be upheld if the evidence is sufficient to support a finding of guilt under any one of the
theories submitted. Kitchens, 823 S.W.2d at 258; Nevarez v. State, 847 S.W.2d 637, 643 (Tex.
App.--El Paso 1993, pet. ref'd). Appellant does not challenge the sufficiency of the evidence in this cause.

The district court did not err by authorizing the jury to convict appellant under either of the
two theories of the offense alleged in the indictment without expressly requiring unanimity as to which theory
applied. The point of error is overruled and the judgment of conviction is affirmed.

 

 Lee Yeakel, Chief Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: June 11, 1998

Do Not Publish