TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00301-CR







James Lee Martin, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0960471, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING







 After finding appellant guilty of the offense of aggravated sexual assault, Tex. Penal Code
Ann. § 22.021 (West Supp. 1998), the jury assessed punishment, enhanced by two prior felony
convictions, at confinement for life and a fine of ten thousand dollars. Appellant asserts five points of error,
contending that the trial court erred by: failing to charge the jury that their finding of guilt had to be
unanimous as to the manner and means of the offense; and in points of error two through five admitting four
DPS lab reports on the results of DNA testing. We will overrule appellant's points of error and affirm the
judgment of the trial court.

 The indictment alleged four different manner and means by which appellant on or about
January 10, 1996, committed the offense of aggravated sexual assault on the victim. Appellant asserts that
some of the jurors may have found appellant guilty of one of the means alleged to constitute the offense
while other jurors may have found him guilty of a different means since the trial court failed to require a
unanimous verdict. The indictment alleged the different manner and means of committing the offense in the
conjunctive and the jury was charged as to the manner and means in the disjunctive. "It is appropriate
where alternate theories of committing the same offense are submitted to the jury in the disjunctive for the
jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories
submitted." (1) Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991). Appellant's first point
of error is overruled.

 In his second point of error, appellant asserts the trial court erred in admitting the written
report of DPS chemist Gary Molina regarding DNA testing of samples obtained from a vaginal swab of
the victim and blood taken from appellant. Molina testified in detail regarding the DNA procedure he used
in determining the source of the sperm found on the vaginal swab. The objected-to exhibit was a letter
Molina wrote to the Austin Police Department that stated that appellant "cannot be excluded from having
contributed a portion of the DNA detected on the sperm cell fraction of the vaginal swab . . . ." Appellant
objected to the introduction of Molina's letter as hearsay, stating that "the report is a written report of his
findings . . . and the witness is here and has testified to the matters in the exhibit."

 Patently, the exhibit is hearsay. However, by appellant's objection he has admitted that
the same testimony was already in evidence. Under these circumstances, appellant cannot be heard to
complain where the evidence has been conveyed to the jury in some other form. See Ford v. State, 919
S.W.2d 107, 117 (Tex. Crim. App. 1996); Venhaus v. State, 950 S.W.2d 158, 165 Tex. App.--El Paso
1997, pet. ref'd). Moreover, Molina testified without objection that combining his testimony with that of
Michelle Lockhoof, a forensic DNA analyst employed by DPS (who had testified earlier), he could
extrapolate that the frequency of appellant's DNA type would occur in 1 out of every 316,455,699 African
Americans. This testimony would appear to be far more damaging than anything contained in the objected-to report. Appellant's second point of error is overruled.

 In his third point of error appellant contends the trial court erred in admitting the report of
DPS chemist Molina at the punishment phase of the trial regarding an extraneous offense alleged to have
been committed against J.R., a different victim, in December, 1995. Molina testified he examined blood
samples from J.R.'s boyfriend and appellant as well as vaginal swabs and blood samples from J.R. As a
result of his DNA testing, Molina was able to exclude J.R.'s boyfriend as the donor of seminal fluid in J.R.'s
sexual organ. However, he was unable to exclude appellant as having deposited the semen on the vaginal
swab. When Molina's letter containing his findings was offered in evidence, appellant objected that the
report itself was hearsay and the witness was present and available to testify as to the facts. While the
report may have been different in form from Molina's testimony, Molina testified without objection to
essentially the same conclusions set out in his letter without objection. Appellant's objections in the trial
court as to improper chain of custody and invalid search are not before us on appeal. We perceive no
error in the admission of the complained-of exhibit. Appellant's third point of error is overruled.

 In his fourth point of error, appellant complains of the admission into evidence of a report
compiled by Molina reflecting the results of a different DNA procedure than the one used in previous texts. 
The report, in letter form, showed test results that could not exclude appellant as the donor of sperm found
on J.R.'s vaginal swab. Again, appellant objected that the report was hearsay and that the witness was
present and available to testify. Molina testified without objection as to his findings incriminating appellant
as the donor of the sperm on J.R.'s vaginal swab. We find our disposition of prior points of error regarding
DNA written findings dispositive of appellant's fourth point of error.

 In his fifth point of error, appellant contends that the trial court erred in admitting into
evidence the letter of Michelle Lockhoof reporting her DNA findings that could not exclude appellant as
the semen donor on J.R.'s vaginal swab. Lockhoof testified in detail as to the procedure she used in DNA
testing that resulted in her conclusion that matched known sperm of appellant with that found on the vaginal
swab taken from J.R. Appellant voiced the same objection as he had to previous exhibits. The letter was
a summary of her findings about which she had testified without objection. Appellant's fifth point of error
is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Powers, Aboussie and Davis*

Affirmed

Filed: July 16, 1998

Do Not Publish



* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).
1. The trial court instructed the jury that the State had the burden of proving appellant guilty by proving
each and every element of the offense beyond a reasonable doubt. Appellant does not challenge the
sufficiency of the evidence to support the conviction. 



eyed to the jury in some other form. See Ford v. State, 919
S.W.2d 107, 117 (Tex. Crim. App. 1996); Venhaus v. Sta