TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00837-CR







Robert Edward Wright, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0974852, HONORABLE FRED A. MOORE, JUDGE PRESIDING







A jury found appellant Richard Edward Wright guilty of aggravated robbery and
assessed punishment at imprisonment for forty years and a $10,000 fine. By two points of error,
appellant contends the district court erred by failing to require a unanimous verdict as to the
manner and means by which the offense was committed, and by admitting hearsay evidence at the
punishment stage. We will overrule these points and affirm.

The indictment contained two paragraphs alleging (1) aggravated robbery by
causing bodily injury with a deadly weapon and (2) aggravated robbery by threatening imminent
bodily injury and death with a deadly weapon. See Tex. Penal Code Ann. §§ 29.02(a)(1), (2);
29.03(a)(2) (West 1994). Without objection, the court's charge authorized appellant's conviction
if the jury found that he either caused or threatened bodily injury with the deadly weapon. The
jury returned a general verdict of guilty. Appellant contends the charge should have required the
jury to unanimously agree as to the specific manner and means by which he committed the offense. 
He argues that under the charge given, some of the jurors may have found him guilty under the
first paragraph of the indictment, while others may have found him guilty under the second
paragraph. He urges that the charge violated his constitutional and statutory right to a unanimous
verdict and thereby denied him due process and due course of law. See U.S. Const. Amend. XIV;
Tex. Const. art. I, § 19 & art. V, § 13; Tex. Code Crim. Proc. Ann. art. 36.29(a) (West Supp.
1999).

There is no general requirement that the jury reach agreement on the preliminary
factual issues which underlie the verdict. Schad v. Arizona, 501 U.S. 624, 632 (1991). When the
indictment alleges alternate theories of committing the same offense, it is proper for the jury to
be charged in the disjunctive and to return a general verdict of guilty. Kitchens v. State, 823
S.W.2d 256, 258 (Tex. Crim. App. 1991); see Tex. Code Crim. Proc. Ann. art. 37.07, § 1(a)
(West 1981) (verdict must be general). The conviction will be upheld if the evidence is sufficient
to support a finding of guilt under any one of the theories submitted. Kitchens, 823 S.W.2d at
258. Appellant does not challenge the sufficiency of the evidence.

The district court did not err by authorizing the jury to convict appellant under
either of the two theories of the offense alleged in the indictment without expressly requiring
unanimity as to which theory applied. The first point of error is overruled.

Appellant's second point is that the court erroneously admitted a psychologist's
report in evidence. He argues that the report was inadmissible hearsay. See Tex. R. Evid. 802.

The psychologist was appointed by the court to examine appellant, and was called
to testify by the State at the punishment stage. When the State offered his written report in
evidence, appellant objected, "The doctor is going to testify about all this information. Admission
of the report for the jury would do no more than add undue credence to his testimony . . . . It is
essentially bolstering his testimony by writing it out for them." The court asked counsel, "Okay. 
Your objection to [the report], the objection is it is a summary or specifics of what he is already
going to testify to, right?" Counsel replied, "Yes." The objection was overruled.

Clearly, appellant's contention on appeal does not comport with his trial objection. 
Because appellant did not object to the admission of the report on hearsay grounds, the alleged
error was not preserved for review. See Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a). Point
of error two is overruled.

The judgment of conviction is affirmed.



 

 Marilyn Aboussie, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: March 18, 1999

Do Not Publish

* Before John E. Powers, Senior Justice, (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



">147TH JUDICIAL DISTRICT


NO. 0974852, HONORABLE FRED A. MOORE, JUDGE PRESIDING







A jury found appellant Richard Edward Wright guilty of aggravated robbery and
assessed punishment at imprisonment for forty years and a $10,000 fine. By two points of error,
appellant contends the district court erred by failing to require a unanimous verdict as to the
manner and means by which the offense was committed, and by admitting hearsay evidence at the
punishment stage. We will overrule these points and affirm.

The indictment contained two paragraphs alleging (1) aggravated robbery by
causing bodily injury with a deadly weapon and (2) aggravated robbery by threatening imminent
bodily injury and death with a deadly weapon. See Tex. Penal Code Ann. §§ 29.02(a)(1), (2);
29.03(a)(2) (West 1994). Without objection, the court's charge authorized appellant's conviction
if the jury found that he either caused or threatened bodily injury with the deadly weapon. The
jury returned a general verdict of guilty. Appellant contends the charge should have required the
jury to unanimously agree as to the specific manner and means by which he committed the offense. 
He argues that under the charge given, some of the jurors may have found him guilty under the
first paragraph of the indictment, while others may have found him guilty under the second
paragraph. He urges that the charge violated his constitutional and statutory right to a unanimous
verdict and thereby denied him due process and due course of law. See U.S. Const. Amend. XIV;
Tex. Const. art. I, § 19 & art. V, § 13; Tex. Code Crim. Proc. Ann. art. 36.29(a) (West Supp.
1999).

There is no general requirement that the jury reach agreement on the preliminary
factual issues which underlie the verdict. Schad v. Arizona, 501 U.S. 624, 632 (1991). When the
indictment alleges alternate theories of committing the same offense, it is proper for the jury to
be charged in the disjunctive and to return a general verdict of guilty. Kitchens v. State, 823
S.W.2d 256, 258 (Tex. Crim. App. 1991); see Tex. Code Crim. Proc. Ann. art. 37.07, § 1(a)
(West 1981) (verdict must be general). The conviction will be upheld if the evidence is sufficient
to support a finding of guilt under any one of the theories submitted. Kitchens, 823 S.W.2d at
258. Appellant does not challenge the sufficiency of the evidence.

The district court did not err by authorizing the jury to convict appellant under
either of the two theories of the offense alleged in the indictment without expressly requiring
unanimity as to which theory applied. The first point of error is overruled.

Appellant's second point is that the court erroneously admitted a psychologist's
report in evidence. He argues that the report was inadmissible hearsay. See Tex. R. Evid. 802.

The psychologist was appointed by the court to examine appellant, and was called
to testify by the State at the punishment stage. When the State offered his written report in
evidence, appellant objected, "The doctor is going to testify about all this information. Admission
of the report for the jury would do no more than add undue credence to his testimony . . . . It is
essentially bolstering his testimony by writing it out for them." The court asked counsel, "Okay. 
Your objection to [the report], the objection is it is a summary or specifics of what he is already
going to testify to, right?" Counsel replied, "Yes." The objection was overruled.

Clearly, appellant's contention on appeal does not comport with his trial objection. 
Because appellant did not object to