Affirmed and Opinion filed June 6, 2002









Affirmed and Opinion filed June 6, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00571-CR

____________

 

ELLEN MURPHY FREMIN,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



 

On
Appeal from the County Criminal Court at Law No. 12

Harris County, Texas

Trial
Court Cause No. 1019656

 



 

O
P I N I O N

Ellen
Fremin appeals her conviction and thirty-day jail
sentence for driving while intoxicated. 
In four issues, appellant contends: (1) she was improperly denied a jury
instruction; (2) her request for an instructed verdict was erroneously refused;
and (3)  the results of field sobriety
testing and extraneous offense evidence should not have been admitted.  We affirm.








Background

In
the early evening of May 12, 2000, appellant left her two children and one
grandchild at Little Rascal=s Playhouse (the APlayhouse@), a child-care center. 
Appellant went to a restaurant for dinner with friends and drank some
wine.  She left the restaurant around
10:00 p.m. but did not return to the Playhouse until 11:00 p.m.  The playhouse and the restaurant are less
than one minute=s drive from each other.

According
to Playhouse employee Rosie Canales, appellant was angry upon her return to the
Playhouse.  Appellant shouted and
screamed as she dragged her crying daughter by the hair while searching for a
carpeted mat she thought had been brought to the Playhouse.  Appellant left with her children
approximately ten minutes after her arrival. 
Canales testified appellant smelled of alcohol but did not stagger, slur
her speech, or hit her children.

Before
appellant returned to the Playhouse from the restaurant, Deputy Harris County
Sheriff Robert Strickland, who was working off-duty providing security at the
Playhouse shopping center, summoned the Houston Police Department=s
DWI task force.  Three officers from the
task force arrived at the Playhouse to await appellant=s
return.  On direct examination, over
objection, Strickland testified he called the DWI task force because of Aprevious
situations@ involving appellant.

Task
force officers Green and Lindsey followed appellant as she left the
Playhouse.  Deputy Strickland went inside
the Playhouse and had a brief discussion with the Playhouse employees.  Strickland left the Playhouse and caught up
with the task force officers, who were following appellant.  Strickland, mistakenly, told the officers
that appellant had hit her children.[1]  Lindsey detained appellant immediately after
speaking with Strickland.  Lindsey testified
appellant was speeding, smelled of alcohol, had glassy eyes, and failed field
sobriety tests.  After her arrest, the
officers found a cool, approximately half-full, open beer container in the
console of appellant=s car.  Appellant refused
a request to undergo a breath test.








Discussion

I. 
Charge under Article 38.23

 

The
trial court denied appellant=s request that the jury determine whether her detention was
legal.  See Tex. Crim. Proc. Ann. '
38.23 (Vernon Supp. 2002).  Appellant
argues her husband=s testimony, which was excluded by the trial court, raises a
fact issue regarding whether she was speeding. 
See Balentine v. State, 2002 Tex. Crim. App. LEXIS 71, at *23B24 (Tex.
Crim. App.
2002) (holding ' 38.23 charge should be submitted only if there is a factual
basis to believe evidence obtained illegally). 
We disagree.  Appellant=s
husband, Byron Fremin, would have testified he had
the following conversation with Officer Strickland the night of appellant=s
arrest:[2]

Q:
 When you met [Strickland] outside the
gate, what did he tell you?

A:  He told me that Ellen was threatening to sue
them for no reason to stop her.  And he
said that=s absolutely
right, we didn=t
stop her for her driving, we stopped her because we got a call from a security
constable working security over there at Little Rascal=s
Playhouse claiming that she had pulled my little girl=s
hair.  And that=s
all he needed for a reason to stop her.

 








Even if
Mr. Fremin=s testimony is true, Officer Strickland merely informed him
that his wife=s detention for speeding was pretextual.[3]  Pretext stops are legal.  See, e.g., Garcia v. State, 827
S.W.2d 937, 944 (Tex. Crim. App. 1992) (AAs
long as an actual violation occurs, law enforcement officials are free to
enforce the laws and detain a person for that violation, regardless of . . .
the officer=s subjective reasons for the detention.@).  Evidence of pretext does not contradict
Lindsey=s
testimony that appellant was speeding. 
See, e.g., Hamilton v. State, 831 S.W.2d
326, 331 (Tex. Crim. App. 1992)
(distinguishing evidence of facts from evidence of motive).  Because appellant offered no evidence bearing
on whether she was speeding, the trial court properly refused to grant her
request for a jury instruction. We overrule appellant=s
first issue.

II.  Factual Insufficiency

The
information charged appellant with being intoxicated by reason of the
introduction of alcohol or, in the alternative, the drug Skelaxin.[4]  In his second issue, appellant contends the
trial court erred in failing to grant an instructed verdict of acquittal on the
drug paragraph of the information. 
Appellant does not attack the sufficiency of the evidence supporting
proof of intoxication by alcohol.  His
second issue is therefore overruled.  Kitchens
v. State, 823 S.W.2d 256, 259 (Tex. Crim. App.
1991) (holding that appellant=s failure to contest evidentiary sufficiency on all
alternatively charged theories results in affirmance).

III.  Field Sobriety Testing

In
his third issue, appellant argues the trial court erred in allowing Officer
Lindsey to testify that the results of Horizontal Gaze Nystagmus
(HGN) tests like those given to appellant had been validated by comparison with
breath test results.  Lindsey testified
on direct examination:

Q:  You spoke yesterday that three tests were
standardized and validated?

A:  Yes, ma=am.

Q:  Can you tell us what does Avalidate@
mean?

A:  That the results of the field sobriety tests
have a B can compare to
a known result, a known number of a breath test result.

Defense
Attorney:  Objection, Judge.  Move for a mistrial.

Court:  Objection sustained.  Request for a mistrial is denied.

 








Appellant
contends the trial court=s error is identified in Emerson v. State, 880 S.W.2d
759, 764B66
(Tex. Crim. App.
1994).  We disagree.  Emerson prohibits a police officer
from using HGN evidence to quantify a defendant=s
blood-alcohol-content (ABAC@).
 Id. at 769.  Officer Lindsey did not link the results of appellant=s HGN test to a BAC. 
Rather, he offered evidence demonstrating the reliability of the HGN
test in general.  Compare Smith v.
State, 65 S.W.3d 332, 345 (Tex. App. Waco 2001, no pet.) (error found where
officer testified defendant=s HGN result indicated a BAC greater than .08).  Accordingly, we overrule appellant=s
third issue.

IV.  Rule 404(b)

In
his final issue, appellant contends Deputy Strickland=s
statement that he called the DWI task force as a result of Aprior
situations@ should not have been admitted. 
See Tex. R. Evid. 404(b) (evidence of other acts not admissible
to show action in conformity therewith). 
The State responds that the statement was not an extraneous act and,
alternatively, was admissible as same transaction evidence.  See id. (evidence of other acts admissible
if  those acts part of same transaction
as crime charged).  Even if the trial
court erred in permitting Strickland=s testimony, appellant=s brief identifies no evidence of harm.  Appellant=s issue is therefore waived. 
See Tex. R. App. P. 38.1(h)
(requiring citation to authority and record). 
See also Tex. R. App. P. 44.2(b)
(error not affecting substantial rights must be disregarded).  We overrule appellant=s
fourth issue.

Accordingly,
the judgment of the trial court is affirmed.

 

 

/s/        Eva
M. Guzman

Justice

 

Judgment rendered and Opinion filed June
6, 2002.

Panel consists of Justices Yates, Seymore,
and Guzman.

Do Not Publish C
Tex. R. App. P. 47.3(b).

 

 











[1]  Strickland
admitted he was mistaken in believing appellant had hit her children.





[2]  Mr. Fremin=s testimony was heard outside the presence of the
jury.





[3]  Officer
Strickland denied having made the statements attributed to him by appellant=s husband.





[4]  The State is
allowed to plead alternative theories of manner and means in conjunctives and
proof under one theory will suffice for conviction.  Lawton v. State, 913 S.W.2d 542, 551
(Tex. Crim. App. 1995).  See also Price v. State, 59 S.W.3d 297
(Tex. App.CFort Worth 2001, no pet.) (DWI case).