NUMBER
13-03-392-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

BARRY LOUIS PIZZO,                                               Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                   On
appeal from the 12th District Court

                            of
Grimes County, Texas.

__________________________________________________________________

 

                     MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez



 








Appellant, Barry Louis Pizzo, was charged by indictment with three
counts of sexual assault of a child and five counts of indecency with a
child.  After resting its case, the State abandoned two counts of sexual
assault of a child and three counts of indecency with a child.  Tried to a jury, Pizzo was found guilty of
indecency with a child by contact as set out in Count II of the indictment, see
Tex. Pen. Code Ann. ' 21.11(a)(1) (Vernon
2003), and was acquitted of sexual assault of a child and of the remaining
count of indecency with a child.  The
jury assessed punishment at nine years confinement in the Institutional
Division of the Texas Department of Criminal Justice and a $7,000.00 fine.[1]  The trial court has certified that this is
not a plea bargain case and that Pizzo has the right of appeal.  See Tex.
R. App. P. 25.2.  By one point of
error, Pizzo contends that the trial court reversibly erred by overruling his
objection to the court's charge requesting that the terms "breast or
genitals" be charged in the conjunctive rather than in the
disjunctive.  We affirm.

I.  Background

As this is a
memorandum opinion and because all issues of law presented by this case are
well settled and the parties are familiar with the facts, we will not recite
the law and the facts here except as necessary to advise the parties of the
Court's decision and the basic reasons for it. 
See id. at rule 47.4.

II.  Analysis

By his sole point
of error, Pizzo contends that the trial court improperly instructed the jury as
to indecency with a child by instructing the manner of sexual contact in the
disjunctive and that harm resulted.








Pizzo was
ultimately charged with two counts of indecency with a child by contact.  The indictment alleged, as to Count II, that
Pizzo committed the offense "by touching the genitals and breasts
of . . . a child younger than 17 years of age and not [his spouse]."  (Emphasis added.)  In relevant part, the trial court's charge
read as follows:

As
to Count II, if you find from the evidence, beyond a reasonable doubt, that on
or about the 21st day of June, 2001 in Grimes County, Texas the defendant,
BARRY LOUIS PIZZO, did then and there intentionally or knowingly engage in
sexual contact with [A.S.] by touching the genitals or breast of [A.S.]
and [A.S.] was then and there under the age of seventeen years and not the
spouse of the defendant, and that said act, if any, was committed with the
intent on the part of the defendant to arouse or gratify the sexual desire of
himself, then you will find the defendant guilty as alleged in Count II of the
indictment.

(Emphasis added.)

This case is
governed by Kitchens v. State, 823 S.W.2d 256 (Tex. Crim. App.
1991).  The court in Kitchens
concluded the following:

This Court has held that alternate pleading of the
differing methods of committing one offense may be charged in one
indictment.  And although the
indictment may allege the differing methods of committing the offense in the
conjunctive, it is proper for the jury to be charged in the disjunctive.  It is appropriate where the alternative
theories of committing the same offense are submitted to the jury in the
disjunctive for the jury to return a general verdict if the evidence is
sufficient to support a finding under any of the theories submitted.  Indeed, the [United States] Supreme Court has
determined that "there is no general requirement that the jury reach
agreement on the preliminary factual issues which underlie the verdict."

 

Id. at 259 (emphasis added) (citations omitted).  In the present case, we conclude the trial
court properly charged both means of sexual contact disjunctively.  See id.  Pizzo's sole issue is overruled.

 








III.  Conclusion

Accordingly, we affirm the
judgment of the trial court.                                                                                      

 

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.2(b).

 

Memorandum Opinion
delivered and 

filed this 14th day of
July, 2005.

 











[1]The State abandoned one of two
enhancement paragraphs of the indictment, and appellant pleaded true to the
remaining enhancement paragraph.