IN THE COURT OF
CRIMINAL APPEALS

                                           OF
TEXAS

 

                                                                              

                                                               NO. PD-1765-05



 

 

                                               BARRY LOUIS PIZZO, Appellant

 

                                                                             v.

 

                                                        THE
STATE OF TEXAS                    

 



                   ON APPELLANT=S
PETITION FOR DISCRETIONARY REVIEW

                                FROM
THE THIRTEENTH COURT OF APPEALS

                                                            GRIMES COUNTY



 

Price, J., filed a concurring opinion in which Johnson and cochran, JJ. joined.

 

                                          CONCURRING
OPINION 

 








I agree with the majority that
indecency with a child is a conduct-oriented offense.  But I am less sure that
the statutory definition of Asexual contact@ in Section 21.01(2) of the Penal
Code, as it read prior to amendment in 2001,[1]
carves out three different and distinct conduct-oriented offenses.  According
to the majority=s interpretation of the legislative intent, a person commits
three different instances of indecency with a child under former Section
21.11(a)(1) of the Penal Code if, during the same incident, he touches the
anus, breast, and genitals of another with the requisite specific intent.[2] 
For purposes of jury unanimity, then, the majority concludes that the jury must
unanimously agree that the defendant touched at least one of these three body
parts to support a conviction.[3]  I ultimately
agree, but for reasons somewhat different than those given by the majority.

I would readily agree with the
majority if the penal provision read as follows:

A person commits an offense if, with a child younger
than 17 years and not his spouse, whether the child is the same or opposite
sex, he . . . touches the anus, breast, or any part of the genitals of the
child with intent to arouse or gratify the sexual desire of any person.

 








The so-called Agravamen@ of this hypothetical offense is
obvious; the statute is clearly designed to penalize specifically enumerated
conduct, i.e., the touching of certain body parts of a child,  with a specific
lascivious intent.  But this is not the statute we are dissecting today in our
endeavor to divine legislative intent.  The statute actually before us reads:

A person commits an offense if, with a child younger
than 17 years and not his spouse, whether the child is of the same or opposite
sex, he . . . engages in sexual contact with the child.

 

ASexual contact@ is defined, in turn, to mean Aany touching of the anus, breast, or
any part of the genitals of another person with intent to arouse or gratify the
sexual desire of any person.@  It is far less clear to me whether this bisected way of
articulating the offense of indecency with a child was intended by the
Legislature to define three offenses (touching the anus, breast, or genitals of
a child, with lascivious intent), or one offense (engaging in sexual contact)
that can be committed by any one (or more) of three manner and means (by touching
the anus, breast, and/or genitals of a child, with lascivious intent).








It would not suffice simply to say
that, because the definition of Asexual contact@ in Section 21.01(2) expressly
provides for three specific areas of the body the touching of which will
constitute an offense, those three bodily areas constitute elements of separate
instances of indecency with a child, even if committed during the same incident. 
It would not suffice because merely by providing for statutory alternatives,
the Legislature does not necessarily tell us that separate offenses are
intended, as opposed to different manner and means of committing a single
offense.  I can say this because on many occasions we have held in the context
of construing the capital-murder statute that the predicate felony offenses
specifically enumerated in Section 19.03(a)(2) of the Penal Code (kidnapping,
burglary, robbery, aggravated sexual assault, arson, etc.) do not constitute
elements of separate offenses, but are merely manner and means of committing a
single offense.[4]  The same
could plausibly be said of the three statutory definitions of sexual contact.

So how do we tell?  Ostensibly, the
majority relies upon the methodology for determining whether statutory
alternatives constitute Aelements@ or Amanner and means@ that was first articulated by Judge
Cochran in her concurring opinion in Jefferson v. State,[5]
and later adopted by a majority of the Court in Stuhler v. State.[6] 
According to that methodology, whether or not jury unanimity is required is a
function of parsing the statutory language:

In sum, we must return to eighth grade grammar to
determine what elements the jury must unanimously find beyond a reasonable
doubt.  At a minimum, these are: the subject (the defendant); the main verb;
and the direct object if the main verb requires a direct object (i.e., the
offense is a result-oriented crime) . . .  Generally, adverbial phrases,
introduced by the preposition Aby,@ describe the manner and means of committing the
offense.  They are not the gravamen of the offense, nor elements on which the
jury must be unanimous.[7]

 








But applying this methodology to the
statute before us today would seem to call for the opposite result from that
which the majority reaches, namely, that the statutory definitions of sexual
contact operate as manner and means of committing the offense of indecency with
a child, rather than elements.

The main verb of the statute as
written is Aengages.@  Clearly that is an element.  It is a transitive verb, meaning that it
requires a direct object to complete the meaning of the sentence.  Therefore,
the direct object, Asexual contact,@ is also elemental.  According to the
Jefferson/Stuhler methodology, a jury would have to be unanimous
with respect to these elements in order to convict.  The definition of Asexual contact,@ however, seems to operate much like
an adverbial phrase: a person engages in sexual contact Aby@ touching the anus, breast, or
genitals, with lascivious intent.  And indeed, the majority seems to
acknowledge as much.[8]  But if it is
accurate to say that the definition of sexual contact operates like an
adverbial phrase, should we not conclude that it identifies statutory manner
and means of committing sexual contact, rather than elements of the offense,
consistent with the Jefferson/Stuhler methodology?








The majority says no.  The majority
avoids the implication of the definition of sexual contact operating as an
adverbial phrase by skipping over the main verb in the statute (Aengages@) and treating the gerund in the
adverbial phrase (Atouching@) as if it were the main transitive verb in the statute, and
then regarding what it takes to be the direct objects of that transitive
verb (anus, breast, or genitals) as elements of the offense.[9] 
This analysis appears on the surface to be at odds with the Jefferson/Stuhler
methodology.[10]








Nevertheless, I must ultimately agree
with the majority=s bottom line.  As Judge Cochran made clear in her concurring
opinion in Jefferson, the methodology will not necessary work
invariably, in every scenario, to accurately identify legislative intent.[11] 
This case provides an example.  It is not until we look at the statutory
definition that we find a specific intent which must accompany the actus
reas for indecency with a child.  The sexual contact must occur with the
specific intent Ato arouse or gratify the sexual desire of any person.@  The reason for this is obvious. 
The Legislature did not intend for every touching of a child=s anus, breast, or genitals
necessarily to be actionable.  I think it beyond cavil that this specific
intent is elementalBsomething we would all agree the jury must unanimously findBthough it does not appear in the
statutory language that articulates the offense itself, but only in the
definition of sexual contact that happens to operate like an adverbial phrase. 
Because the Legislature placed that plain element in the definition of sexual
contact, I can accept the majority=s ultimate conclusion that the
Legislature also intended that the particular areas of the body that that
definition identifies (anus, breast, and genitals) are also elemental, and not
mere manner and means of accomplishing sexual contact.

Given that it is apparent that at
least a part of the Agravamen@ of the offense (the specific intent) appears in the
definition, it is appropriate that we should modify our application of the Jefferson/Stuhler
methodology.  It is obvious that Aengages in sexual contact@ is insufficient to fully delineate
the Agravamen@ of the offense, and it is necessary
to proceed to the definition of sexual contact.  Although the word Atouching@ in the definition is a gerund and
works grammatically as a noun, it is acceptable to treat it as a transitive
verb, and to regard the direct objects of that transitive verb, in accordance
with Jefferson/Stuhler, as a description of what
constitutes the offense, not just how the offense may be committed.  By
this reckoning it is appropriate to conclude, as the majority does, that anus,
breast, and genitals constitute elements of indecency with a child under former
Section 21.11(a)(1) of the Penal Code, rather than merely manner and means of
committing sexual contact.

With that understanding, I join the Court=s judgment.

 

Filed:  September 26, 2007

Publish









[1]

 Tex. Penal Code ' 21.01(2), before it was
amended in 2001, read: A>Sexual contact= means any touching of the
anus, breast, or any part of the genitals of another person with intent to
arouse or gratify the sexual desire of any person.@  See now Acts 2001, 77th
Leg., ch. 739, '1, p.
1463, eff. September 1, 2001.





[2]

 Tex. Penal Code ' 21.11(a)(1) read, prior to
amendment in 2001, AA
person commits an offense if, with a child younger than 17 years and not his
spouse, whether the child is of the same or opposite sex, he . . . engages in
sexual contact with the child[.]@ 
See now Acts 2001, 77th Leg., ch. 739, '2, p. 1463, eff. September
1, 2001.





[3]

 Presumably the majority would also hold, were the issue before us, that
for jeopardy purposes an accused could also be convicted and/or punished for
more than one instance of indecency with a child under these same
circumstances.  It should be reasonably clear after our recent opinion in Villanueva
v. State, 227 S.W.3d 744 (Tex. Crim. App. 2007), that legislative intent
vis-a-vis jury unanimity will correlate with legislative intent vis-a-vis
double-jeopardy analysis.  There we observed that A[w]e doubt that the Legislature could have
meant for us to construe the >act
or omission=
alternative of Section 22.04(a) of the Penal Code as merely alternative means
of committing the same offense for jury-unanimity purposes, but as full-blown
separate offenses, authorizing multiple punishments, for purposes of double
jeopardy analysis.@  Id.
at 747.





[4]

 E.g., Kitchens v. State, 823 S.W.2d 256, 257-58 (Tex.
Crim. App. 1991); Martinez v. State, 129 S.W.3d 101, 103 (Tex. Crim.
App. 2004).





[5]

 189 S.W.3d 305, at 314-16 (Tex. Crim. App. 2006) (Cochran, J.,
concurring).





[6]

 218 S.W.3d 706, at 717-19 (Tex. Crim. App. 2007).





[7]

 Id. at 718, quoting Jefferson v. State, supra, at
315-16 (Cochran, J., concurring).





[8]

 AAlthough the
statutory text does not include the preposition >by= as an introduction to the
word >touching,= it is implied.@  Majority Opinion, Slip
op. at 11.





[9]

 Id. (Slip op. at 15).





[10]

 Though both Jefferson and Stuhler involved a
result-oriented offense, neither the Jefferson concurrence nor the Stuhler
majority that adopted it suggests that the methodology should apply only in
construing result-oriented offenses.  In fact, the Jefferson concurrence
at least implies that the methodology would apply equally to nature of conduct
offenses.  See 189 S.W.3d at 315-16 (Aif
the main verb requires a direct object (i.e., the offense is a result-oriented
crime)@ then the
direct object is elemental, suggesting that the methodology applies whether or
not the main verb is transitive, requiring a direct object to complete the
meaning).  Nor does the majority today suggest that the Jefferson/Stuhler
methodology does not apply simply because the statute before us today is a
nature-of-conduct type of offense.





[11]

 189 S.W.3d at 315 (AThe
use of the prepositional word >by= in either a statute or an
indictment is a tip-off that probably (eighth grade teachers are rarely
dogmatic and always leave the door open for idiosyncracies) the phrase will be
a description of how [i.e., manner and means, not elemental] the offense was
committed.@).