NO.
12-07-00080-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

CREGORY WHEELER,       §                      APPEAL FROM THE 114TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Cregory
Wheeler appeals his conviction for aggravated assault.  After a bench trial, the trial court
sentenced him to life in prison.  In his
sole issue, he asserts the evidence is factually insufficient to support the
conviction.  We affirm.

 

Background

            Lakisha
Miller testified that on the morning of December 29, 2004, she and Appellant,
her husband at the time, bought and smoked crack cocaine.  Appellant instructed her to drive out of
town, down a dirt road, and into a wooded area. 
Once stopped, he told her to take off her clothes.  He took the shoe strings out of the boots she
had been wearing and used them to tie her wrists to the steering wheel.  He became angry with her, accusing her of
stealing cocaine from him.  While she
remained tied to the steering wheel, he smoked more crack cocaine.  He hit her in the face with his fist and
kicked her until the car door opened. 
Lakisha fell out, although her hands were still tied to the steering
wheel.  Appellant got in the driver’s
seat and drove the car backwards and forwards, dragging her by the side of the
car.  He did this until the shoe strings
broke and Lakisha fell to the ground.  








            Then
Appellant got out of the car, found a stick, hit her with it, and threatened to
insert it in her vagina.  He also punched
her with his fist, kicked her, and pulled her hair out.  He hit her all over, inflicting injuries to
her back, leg, foot, face, hands, and arm. 
Appellant told Lakisha he was going to kill her.  Lakisha testified that the injuries hurt and
she thought she was going to die.  She
was scared, pleaded with him to stop, and told him to just kill her because she
was tired of being tortured.  Lakisha
explained that he “just stopped” and told her to put her clothes back on.  She drove them back to Tyler and returned
some videotapes to a store, then drove to the mall.  Lakisha waited in the car while Appellant
went into the mall.

            Lakisha’s
good friend, Tekeisha Bledsoe, testified, explaining that she passed by
Appellant on her way out of the mall.  In
the parking lot, she happened to see Lakisha sitting in a car.  Tekeisha described her friend as ashamed,
scared, and hiding her face.  Lakisha’s
hair was sticking up, she stunk, she was dirty, and she was not wearing any
shoes.  Tekeisha saw that Lakisha’s eye
was red or purple and there were scratches on her hand.  Lakisha was reluctant to get out of the
car.  With Tekeisha was Lakisha’s aunt,
Julia Jordan, and a cousin.  They were
eventually able to convince Lakisha to go with them.  Lakisha was crying and said her hand, feet,
and head hurt.  They went to a Dollar
Store and bought her some clothes, then took her to Tekeisha’s house.  Tekeisha helped Lakisha get into the bathtub
for a bath and Tekeisha observed scratches, bruises, and cuts on her back,
arms, legs, foot, face, and eye.  One
hand was swollen.  Tekeisha gave her some
pain medication, but it was not adequate so she took her to the emergency room
the following morning.

            Julia
Jordan explained that the family had been looking for Lakisha and they knew she
needed help.  She described Lakisha as
scared, disturbed, and “all beat up.” 
Lakisha told them that Appellant had beat her up.  Her hand was swollen, she was dirty, looked
terrible, and her hair was matted.

            Dr.
John Andrews testified that, according to the ultrasound taken at the hospital
on December 30, Lakisha was pregnant.  He
explained that there was a small hemorrhage and small separation of the
placenta from the uterus which could result from an assault.

            Deputy
Dale Hukill with the Smith County Sheriff’s department talked to Lakisha at the
hospital.  She was frightened, shaken up,
scared, and had visible injuries.  One
eye was bruised and swollen and her left hand was very swollen.

            Pam
Dunklin, previously a detective with the Smith County Sheriff’s department,
also saw Lakisha at the hospital that day.  Officer Dunklin observed numerous bruises on
both arms and legs, ligature marks on her wrists, and noted that one eye was
swollen and red.  Lakisha was very upset,
unsteady on her feet, extremely tired, and frightened.  Lakisha told her she had been assaulted by
her husband.  Another officer
photographed the injuries in Officer Dunklin’s presence.  Officer Dunklin testified that a motor
vehicle, foot, hand, wooden stick, club, and blunt objects were all capable of
causing death and serious bodily injury. 
She stated that the injuries she saw were consistent with what Lakisha
told her.

            Dr.
Virgil Gonzalez reviewed Lakisha’s medical records and the photographs taken
while she was at the hospital.  He
explained that the injury to her eye was made by a soft object, consistent with
being hit with a fist or kicked.  Her
face was discolored and her left eye was bloodshot from the force.  She had other bruising that could have been
caused by a kick or by being hit with a fist. 
He said a sharp object inflicted the wound on her swollen foot.  He noted that whatever was used as a ligature
to tie up her wrists was one quarter of an inch wide.  He explained that some of the injuries were
old enough to be scars, some were two to four days old, some were five to seven
days old, and some were one to three days old. 
Dr. Gonzalez also explained that her left wrist was fractured.  However, that injury did not occur on
December 29.  The wrist had been
fractured “for quite a while.”  He
testified that the injuries would cause Lakisha pain and would qualify as
serious bodily injuries, especially the blow to the left eye.  He also stated that the objects used to make
the injuries were capable of causing death or serious bodily injury.

 

Sufficiency
of the Evidence

            In
his sole issue, Appellant asserts the evidence is factually insufficient to
support the conviction.  He argues that
Lakisha’s allegations are not supported by the evidence.  Specifically, he contends her injuries were
not consistent with being kicked and ejected from a vehicle or being dragged by
a vehicle.  He also urges us to consider
Lakisha’s criminal history.

Applicable Law

            We
review the factual sufficiency of the evidence to determine whether,
considering all the evidence in a neutral light, the evidence supporting the
conviction is too weak to withstand scrutiny or the great weight and
preponderance of the evidence contradicts the verdict to the extent that the
verdict is clearly wrong and manifestly unjust. 
See Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim.
App. 2006).  In doing so, we must first
assume that the evidence is legally sufficient under the Jackson v.
Virginia[1] standard.  See
Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).  We then consider all of the evidence that
tends to prove the existence of the elemental fact in dispute and compare it to
the evidence that tends to disprove that fact. 
See Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim.
App. 1997).  The fact finder is the judge
of the weight and credibility of a witness’s testimony.  Wesbrook v. State, 29 S.W.3d
103, 112 (Tex. Crim. App. 2000).  The
fact finder may choose to believe all, some, or none of a witness’s
testimony.  Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 


            As
charged, the State was required to prove that Appellant intentionally,
knowingly, or recklessly caused serious bodily injury or bodily injury to
Lakisha Wheeler, or intentionally or knowingly threatened her with imminent
bodily injury, by dragging her with a motor vehicle and kicking her with his
foot and striking her with his hand, a wooden stick, a club, and a blunt
object.  It was also alleged that he used
or exhibited a deadly weapon, a motor vehicle, hand, foot, wooden stick, club,
and blunt object during the commission of the assault.  It was further charged that Appellant
intentionally or knowingly threatened Lakisha Wheeler with imminent bodily
injury by threatening to insert a wooden stick, club, and blunt instrument in
her vagina, and that he exhibited a deadly weapon, a wooden stick, club, and
blunt instrument, during the commission of the assault.  See Tex.
Penal Code Ann. § 22.02(a) (Vernon Supp. 2007).

Analysis

            The
record is replete with evidence of the injuries Lakisha suffered.  They were described by Lakisha, four other
witnesses who saw her, and a doctor who reviewed her medical records and
photographs.  Additionally, the trial
court observed the photographs.  Lakisha
explained how she received the injuries. 
The doctor testified that certain injuries were consistent with being
hit with a fist and kicked with a foot. 
There is no doubt the presence of quarter inch wide ligature marks on
her wrists supports Lakisha’s testimony that Appellant tied her hands to the
steering wheel with her shoe laces.  The
trial court could believe Lakisha’s testimony that she was ejected from the car
and dragged next to it even in the absence of evidence of more specific
injuries.  Further, under the indictment,
the trial court could find Appellant guilty of aggravated assault in the
absence of a determination that Lakisha was actually dragged by the car.  See Kitchens v. State, 823
S.W.2d 256, 258 (Tex. Crim. App. 1991) (Indictment may allege differing methods
of committing the offense in the conjunctive). 
Consideration of Lakisha’s criminal history is a matter for the trial
court, which was charged with determining her credibility.  See Wesbrook, 29 S.W.3d at
112.  The judgment is not contradicted by
the great weight and preponderance of the evidence.  Nor are we convinced that the judgment is
clearly wrong or represents a manifest injustice.  The State presented factually sufficient
evidence to prove Appellant is guilty of committing aggravated assault.  We overrule Appellant’s sole issue.

 

Disposition

            Because
the evidence is sufficient to support the conviction, we affirm
the trial court’s judgment.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered January 31, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] Jackson v. Virginia, 443 U.S.
307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).