Opinion issued December 20, 2012.



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00681-CR

———————————

**DASMIN PIERRE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1311399**

---

## MEMORANDUM OPINION

A jury found Dasmin Pierre guilty of murder and assessed punishment of twenty-three years' imprisonment. On appeal, Pierre contends that: (1) the trial court's erred in failing to instruct the jury that it must reach a unanimous verdict

because it instructed the jury disjunctively about the two means of committing murder; and (2) the trial court abused its discretion by admitting Officer R. Abel's testimony about Pierre's attempt upon apprehension to use a fake name in order to conceal his fugitive status. We conclude that the trial court did not err in submitting the charge as worded and that Pierre waived his evidentiary complaint. We therefore affirm.

## Background

John Matthews, the decedent, known as a supplier of illicit drugs, had agreed to sell marijuana to two women. When the women arrived at Matthews's apartment, Matthews came out the front door, hurriedly approached their car, and asked them to drive him to the corner store. They agreed. On the way back to Matthews's apartment, one of the women noticed Pierre walking toward the store.

When the car stopped in front of the apartment, Matthews told the women that he would get the marijuana and return. Before he could leave the back seat, however, Pierre approached the car. Matthews rolled down the window and he began to speak to Pierre. Pierre asked Matthews, "Do you have some tabs?" Matthew responded, "Yeah, I'm rolling now." This exchange was followed almost immediately by four gunshots, which Pierre had fired into Matthews's head, killing him. The next day, Pierre called one of the women and cautioned her not to say anything.

Several months later, the police learned that Pierre had been arrested in Louisiana, but they did not apprehend him until approximately two years later. Acting on a tip received through Crime Stoppers, they located Pierre in a Wal-Mart near New Orleans. Officer R. Abel detained him and asked Pierre for his name. Pierre responded "Ben Young." After running a fingerprint check, the officers identified the detainee as Pierre, confirmed that he was a wanted suspect, and returned him to Texas for trial.

The indictment charged that Pierre

> Intentionally and knowingly cause[d] the death of JOHN HENRY MATTHEWS, a/k/a ANTONIO JONES by SHOOTING [ot] . . .

> intend[ed] to cause serious bodily injury to JOHN HENRY MATTHEWS, a/k/a ANTONIO JONES, . . . and did cause the death of the Complainant by intentionally and knowingly committing an act clearly dangerous to human life.

## Discussion

### *Jury charge*

Pierre contends that the trial court committed egregious harm in failing to require the jury to render a unanimous verdict. We review jury charge error by considering whether (1) error exists in the charge and (2) if so, whether sufficient harm resulted from the error to require reversal. *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005).

Jury unanimity is required to obtain a criminal conviction. TEX. CONST. art. V, § 13; TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West Supp. 2012); *Ngo*, 175 S.W.3d at 745. Each and every juror must agree that the defendant committed the same, single, specific criminal act. *Ngo*, 175 S.W.3d at 745. Non-unanimity may result "when the jury charge fails to properly instruct the jury, based on the indicted offense(s) and specific evidence in the case, that its verdict must be unanimous." *Cosio v. State*, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011).

The charge in this case allowed the jury to find Pierre guilty of murder if it found (1) that Pierre either intentionally or knowingly caused death, or (2) that he intended to cause substantial risk of life or serious bodily injury, in any of its forms, and committed an act clearly dangerous to human life. Pierre specifically complains that this charge violated his right to a unanimous verdict because it allowed the jury to convict him of murder without reaching a consensus concerning whether the State had proven beyond a reasonable doubt either one of the two paragraphs alleged in the indictment.

To meet the jury unanimity requirement, the jury must agree that the defendant committed one specific crime. *Landrian v. State*, 268 S.W.3d 532, 535 (Tex. Crim. App. 2008). The jury need not, however, find that the defendant committed that crime in one specific way or even with one specific act. *Id.* The unanimity requirement is not violated when the jury is instructed on alternative

4

theories, or manner and means, of committing the same offense. *Martinez v. State*, 129 S.W.3d 101, 103 (Tex. Crim. App. 2004). When alternate theories of committing the same offense are submitted to the jury in the disjunctive, and the jury is required by the charge to find each element of the offense beyond a reasonable doubt, it is appropriate for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted. *See Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991).

In reviewing a disjunctive jury charge, we first determine whether the separate application paragraphs contain different criminal acts or whether they merely instruct as to different means of committing a single offense. If the disjunctive paragraphs contain different criminal acts, then the jury must be instructed that it cannot return a guilty verdict unless it agrees unanimously that the defendant committed one of the acts. *Ngo v. State*, 175 S.W.3d at 744. If the disjunctive paragraphs merely inform of different means of committing a single offense, then the jury does not have to unanimously agree on which alternative means the defendant used to commit the offense. *Leza v.* State, 351 S.W.3d 711, 714 (Tex. Crim. App. 2011); *see Young v. State*, 341 S.W.3d 417, 422 (Tex. Crim. App. 2011).

In deciding whether the paragraphs allege the commission of separate criminal acts or separate means of committing one act, "[a] handy, though not definitive, rule of thumb is to look to the statutory verb defining the criminal act." *Ngo*, 175 S.W.3d at 745 n.24. Under section 19.02 of the Texas Penal Code, a person commits the offense of murder if he:

> (1) intentionally or knowingly causes the death of an individual; [or]
>
> (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual . . . .

TEX. PENAL CODE ANN. § 19.02(b)(1)-(2) (West 2003). A plain reading of this statute reveals that the subsections (1) and (2) differ in their descriptions of the mental state required for culpability in causing death or serious bodily injury. *Compare* TEX. PENAL CODE ANN. § 19.02(b)(1) (requiring mental state of intentionally or knowingly) *with id.* § 19.02(b)(2) (requiring intentional conduct). The Texas Court of Criminal Appeals has held that these provisions set forth alternative manner or means of committing the offense of murder. *Aguirre v. State*, 732 S.W.2d 320, 326 (Tex. Crim. App. 1987); *Huffman v. State*, 267 S.W.3d 902, 905 (Tex. Crim. App. 2008); *see Yost v. State*, 222 S.W.3d 865, 876 (Tex. Crim. App. 2007); *Garcia v. State*, 246 S.W.3d 121, 141 (Tex. App.—San Antonio 2007, pet ref'd). Thus, whether the jury determined that Pierre intentionally or knowingly caused Matthews's death, or that Pierre caused his death by committing an act clearly dangerous to human life with the intent to cause serious bodily

injury, the charge asked the jury to consider only one single crime of murder. The charge submitted in this case did not pose any danger that Pierre might be found guilty of murder on a less than unanimous verdict. We hold that the trial court did not violate Pierre's right to a unanimous verdict by submitting the charge as worded.

*Admission of evidence*

Pierre also contends that the trial court erred in admitting Officer Abel's testimony concerning Pierre's use of an alias to Abel and his fugitive status, complaining that the evidence was not relevant, or, alternatively, had an unfairly prejudicial effect that outweighed any probative value it may have had. *See* TEX. R. EVID. 401, 403. To preserve an objection for appellate review, that objection must be timely and specific enough to make the trial court aware of the complaint. TEX. R. APP. 33.1(a)(1)(A). The record shows that Pierre did not timely object to Officer Abel's testimony on either on the grounds raised on appeal or any other basis. As a result, we hold that Pierre waived this complaint for appeal.

## Conclusion

We hold that the trial court's charge to the jury did not violate Pierre's right to a unanimous verdict. We further hold that Pierre waived any objection to

Officer Abel's testimony concerning Pierre's use of an alias and his fugitive status.

We therefore affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).