COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





ROSALINDA DE LA O,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee. 

§


 


§


 


§


 


§


 


§



§

No. 08-06-00133-CR



Appeal from


 County Court at Law No. 1


of El Paso County, Texas


(TC # 20040C16559)




O P I N I O N



 Rosalinda De La O, appeals her conviction of assault causing bodily injury. The jury
assessed punishment at two years unsupervised probation and a fine of $1,000 probated to $900. We
affirm.

FACTUAL SUMMARY


 On August 10, 2004, a fight occurred between Rosalinda De La O and Fernanda Cruz after
a resident council meeting at the Sun Plaza public housing facility for the elderly. Appellant passed
by Cruz and told her, "I really wanted to do it, bitch." She then threw a soda can and its contents at
Cruz. Because of the soda in her face, Cruz was unable to see whether the can hit her or if Appellant
had hit her. Cruz's leg was cut and she had trouble breathing because she was hit in the chest. 

 Maria Barba was sitting near Cruz when she saw Appellant turn and call her "desgraciada." 
Appellant had a can of soda and tossed the contents of the can. Barba and others sitting near Cruz
got wet from the soda. Barba also saw Appellant throw the can at Cruz which drew blood on her leg
where the can hit her.

 Although Cruz disliked Appellant, she did not provoke her or strike at her prior to the assault.
Appellant claimed Cruz instigated the incident when she tried to kick her on the leg, but she admitted
throwing the soda and she saw the can hit Cruz. Officer Jaime Sanchez interviewed Cruz and
learned she and Appellant had had prior arguments and that Appellant had kicked her. He also
noticed Cruz had a small cut on her leg that was bleeding.

FACTUAL SUFFICIENCY 


 In her sole issue for review, Appellant contends the evidence is factually insufficient to
support the jury's verdict since there was no evidence that the assault occurred in the manner alleged
in the information. (1) She claims only one witness saw the can strike Cruz on the leg and no one saw
her kick Cruz.

Standard of Review


 In reviewing the factual sufficiency of the evidence, we must view all of the evidence in a
neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000); Clewis
v. State, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). In performing our review, we are to give due
deference to the fact finder's determinations. See id. at 8-9; Clewis, 922 S.W.2d at 136. The fact
finder is the judge of the credibility of the witnesses and may "believe all, some, or none of the
testimony." Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991). Evidence is factually
insufficient if it is so weak that it would be clearly wrong and manifestly unjust to allow the verdict
to stand, or the finding of guilt is against the great weight and preponderance of the available
evidence. Johnson, 23 S.W.3d at 11. Therefore, the question we must consider in conducting a
factual sufficiency review is whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof. See id.

 Under the first prong of Johnson, we cannot conclude that a conviction is "clearly wrong"
or "manifestly unjust" simply because, on the quantum of evidence admitted, we would have voted
to acquit had we been on the jury. Watson v. State, 204 S.W.3d 404, 417 (Tex.Crim.App. 2006). 
Under the second prong of Johnson, we cannot declare that a conflict in the evidence justifies a new
trial simply because we disagree with the jury's resolution of that conflict. Id. Before finding that
evidence is factually insufficient to support a verdict under the second prong of Johnson, we must
be able to say, with some objective basis in the record, that the great weight and preponderance of
the evidence contradicts the jury's verdict. Id. 

General Verdict


 Where alternate theories of committing the same offense are submitted to the jury in the
disjunctive, it is appropriate for the jury to return a general verdict if the evidence is sufficient to
support a finding under any of the theories submitted. Kitchens v. State, 823 S.W.2d 256, 258
(Tex.Crim.App. 1991). Here, the jury was charged on disjunctive theories of the assault:

 Now, if you unanimously find from the evidence beyond a reasonable doubt that on
or about the 10th day of August, 2004, in El Paso County, State of Texas, the
Defendant, Rosalinda De La O, did then and there intentionally, knowingly or
recklessly cause bodily injury to Fernanda Cruz by kicking Fernanda Cruz about the
leg with the foot of the Defendant or by throwing an object at Fernanda Cruz causing
it to strike Fernanda Cruz on the body, then you will find the Defendant guilty.


We will affirm the jury's verdict if the evidence is sufficient to support any one of the theories
charged. See Sorto v. State, 173 S.W.3d 469, 472 (Tex.Crim.App. 2005)(because the trial court's
charge authorized the jury to convict on alternative theories, the verdict of guilt will be upheld if the
evidence was sufficient on any one of the theories).

Assault Causing Bodily Injury


 A person commits the offense of assault if the person intentionally, knowingly, or recklessly
causes bodily injury to another. See Tex.Penal Code Ann. § 22.01 (a)(Vernon Supp. 2007). 
"Bodily injury" means physical pain, illness, or any impairment of physical condition. Tex.Penal
Code Ann. § 1.07 (8)(Vernon Supp. 2007). Appellant contends the evidence was insufficient to
support the jury's verdict because some of the witnesses did not see the soda can hit Cruz. She also
argues that the security videotape proved only that she threw soda from the can. Bernie Rodriguez,
the housing manager, only saw Appellant throw a soda can towards Cruz. Luciana Betancourt
witnessed the altercation but did not see the beginning of the fight. Maria Vega was sitting next to
Cruz when Appellant threw the can and heard it hit Cruz. Cruz didn't see whether Appellant had
thrown the can at her because she had soda in her face.

 While these witnesses did not see the can hit Cruz, others did. Maria Barba saw Appellant
throw the can and saw blood on Cruz's leg where the can had hit her. Maria Vega heard the can hit
Cruz: "[S]he hit her first with the can of soda, and it was open, and that's the reason why the content
of the soda hit us all, us that were sitting close to her." Significantly, Appellant herself testified that
she threw the can at Cruz and saw the can hit her. Viewed in a neutral light, this evidence was
sufficient to support the jury's finding that Cruz was struck by the can on her leg. Chambers v. State,
805 S.W.2d 459, 461 (Tex.Crim.App. 1991)(the fact finder is the judge of the credibility of the
witnesses and may "believe all, some, or none of the testimony"). We overrule the sole point and
affirm the judgment of the trial court.


November 8, 2007 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. The information stated:


 THAT ON OR ABOUT THE 10th DAY OF AUGUST, 2004 AND BEFORE THE FILING OF THIS
INFORMATION IN SAID COUNTY OF EL PASO, STATE OF TEXAS, ROSALINDA DE LA O,
HEREINAFTER REFERRED TO AS DEFENDANT, 


 PARAGRAPH A


 DID THEN AND THERE INTENTIONALLY, KNOWINGLY, AND RECKLESSLY CAUSE
BODILY INJURY TO FERNANDA CRUZ BY KICKING FERNANDA CRUZ ABOUT THE LEG
WITH THE DEFENDANT'S FOOT.


 PARAGRAPH B


 DID THEN AND THERE INTENTIONALLY, KNOWINGLY, AND RECKLESSLY CAUSE
BODILY INJURY TO FERNANDA CRUZ BY THROWING AN OBJECT AT FERNANDA CRUZ
CAUSING IT TO STRIKE FERNANDA CRUZ ON THE BODY.