COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

GILBERT VASQUEZ,                                          No. 08-07-00247-CR

§

Appellant,                                          Appeal from the

§

V.                                          of 120th District Court

§

THE STATE OF TEXAS,                                          of El Paso County, Texas

§

Appellee.                                          (TC# 20070D02841)

§

§

**O P I N I O N**

Appellant Gilbert Vasquez was convicted for the murder of Juan Antonio Guevara on August 1, 2007. The jury assessed punishment at confinement for life. Appellant presents two issues for review. In Issue One, Appellant makes several arguments regarding the legal and factual sufficiency of the evidence supporting his conviction. In Issue Two, Appellant contends the trial court erred in denying his requested jury instruction on self-defense. We will affirm.

On October 6, 2006, Juan Antonio Guevara had a surprise birthday party for his younger brother, Noe Guevara, at their family's home in Horizon, Texas. At about 2 a.m., a fight started. The Guevaras ejected the fighters from their home; however, the fight continued in the front yard and in the street. The Guevara brothers and others were trying to break up the fight, Appellant, whom Noe had not seen at the party, approached them swinging a thick chain at the people in and around the fight. After the fighting stopped, the younger Guevara brother had to physically calm down Appellant and convince him to leave.

Appellant left with Justin Morales and drove to the house of Carlos Cedeno where they met Fabian Ramirez and retrieved a rifle stored there. Then Ramirez, Chucky Gomez, and Cedeno joined Appellant and Morales in the truck and, after another stop for ammunition, they drove back to the Guevaras' house.

The Guevara brothers and some friends were cleaning up after the party when Appellant and his friends arrived. Appellant, from inside the truck, demanded to know who had knocked him down earlier at the party. As the exchange became more heated, Mr. Guevara got up on the truck and began taking swings at Appellant. Appellant leaned back in his seat, pulled out the rifle, and shot Mr. Guevara in the chest. The truck drove away immediately.

Shortly after leaving the Guevara house, Cedeno, Gomez, and Ramirez demanded that Morales stop and let them out of the truck. Morales stopped the truck at an intersection near an undeveloped property, and the three men ran into the desert. Ramirez took the rifle with him and hid it, but it was ultimately recovered by detectives at Ramirez's home.

In Issue One, Appellant contends the evidence was legally and factually insufficient to support his murder conviction, and sets forth three sub-arguments supporting this conclusion. Appellant first contends that the State's evidence was both legally and factually insufficient to support a finding beyond a reasonable doubt that he intentionally or knowingly caused the death of Mr. Guevara by shooting him with a firearm. Second, Appellant asserts the evidence was legally and factually insufficient to prove that he intended to cause serious bodily injury by committing an act clearly dangerous to human life by shooting Mr. Guevara. Third, Appellant asserts the evidence was legally and factually insufficient to show that he committed the offense of aggravated assault by intentionally and knowingly threatening Mr. Guevara with imminent

bodily injury by using or exhibiting a firearm and by discharging the firearm, resulting in Mr. Guevara's death.

To determine whether the evidence is legally sufficient, the court must determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt in the light most favorable to the verdict. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). As such, the reviewing court shall not disregard, realign, or weigh evidence as the fact finder is in the best position to consider the evidence and evaluate witness demeanor and expression has already done so. *Matson v. State*, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991). Instead, the reviewing court's duty is to examine, in the light most favorable to the verdict, whether the implicit and explicit findings by the trier of fact are rational under legal standards to support the conviction. *Adelman v. State*, 828 S.W.2d 418, 422 (Tex.Crim.App. 1992). Applying the *Jackson* standard, the court is bound to resolve any inconsistencies in the testimony in favor of the verdict. *Matson*, 819 S.W.2d at 843.

Regarding factual sufficiency, the court must consider all relevant evidence, not just evidence that supports the verdict. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex.Crim.App. 1997). Our determination regarding the factual sufficiency of the evidence will begin with the presumption that the evidence is legally sufficient. *Jones v. State*, 944 S.W.2d 642, 647 (Tex.Crim.App. 1996). In addition, in a factual sufficiency review, we consider all the evidence in a neutral light. *Grotti v. State*, 273 S.W.3d 273, 283 (Tex.Crim.App. 2008), *citing Roberts v. State*, 220 S.W.3d 521, 524 (Tex.Crim.App. 2007). Accordingly, considering all of the evidence in a neutral light, the court must ask whether the jury was rationally justified in finding the defendant guilty beyond a reasonable doubt. *Watson v. State*, 204 S.W.3d 404, 415

(Tex.Crim.App. 2006). There are two ways the evidence can be deemed factually insufficient: (1) when the evidence supporting the verdict is so weak that the jury's verdict seems clearly wrong and manifestly unjust; and (2) when considering the jury's verdict, the evidence, although legally sufficient, is nonetheless against the great weight and preponderance of the evidence. *Id*. at 414-15. A reversal for factual insufficiency cannot occur when "the greater weight and preponderance of the evidence actually favors conviction." *Roberts v. State*, 220 S.W.3d 521, 524 (Tex.Crim.App. 2007), *quoting Watson*, 204 S.W.3d 417.

The penal code provides three alternative methods for the commission of a "murder." *See* TEX.PEN.CODE ANN. § 19.02(b)(Vernon 2003). A person commits the offense of murder if he:

(1)　　intentionally or knowingly causes the death of an individual;

(2)　　intends to cause serous bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; or,

(3)　　commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

TEX.PEN.CODE ANN. § 19.02(b).

In the instant case, the jury charge instructed the jury to find Appellant guilty if they determined beyond a reasonable doubt that he caused Mr. Guevara's death in one of three ways: (1) by intentionally or knowingly causing Mr. Guevara's death by shooting him with a firearm; (2) by intentionally or knowingly causing serious bodily injury to Mr. Guevara by shooting Mr. Guevara with a firearm, an act clearly dangerous to human life, which caused Mr. Guevara's death; or (3) by committing an aggravated assault, by intentionally or knowingly threatening

-4-

Mr. Guevara with imminent bodily injury with the use of a firearm, and that while in the course of and in furtherance of the commission of the aggravated assault, Appellant committed an act clearly dangerous to human life by discharging the firearm and causing Mr. Guevara's death.

Alternate pleading of the differing methods of committing one offense may be charged in one indictment. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex.Crim.App. 1991). When a general verdict is returned, as in this case, and the evidence is sufficient to support a guilt finding under any of the paragraph allegations submitted, the verdict will be upheld. *Fuller v. State*, 827 S.W.2d 919, 931 (Tex.Crim.App. 1992).

The jury heard testimony from both sides as to the circumstances surrounding the crime. Specifically, there was testimony that Appellant shot a loaded gun at close range at Mr. Guevara. The jury also heard Noe Guevara's testimony that Appellant must have been aiming the rifle at his brother because his brother was right in front of him. In his voluntary confession, Appellant stated three times that he was very upset and wanted to "get even" with the person who had struck him. Appellant wrote:

> I was very mad, and I left with [Morales]. I wanted to go back to the party and get even with the guy wearing the white sombrero and white shirt...
>
> I did not know who this guy was, but I was very mad at what he had done to me and I intended to go back and get even with him. I stopped at a house that I knew I could get a gun from. I then took a gun from an unknown male. I just know them to be cholos from the area I live in. I told [the men at the house where the gun was procured from] that I wanted to get back at some guy that had grabbed me at the party.

From this evidence, a reasonable jury could have determined that Appellant had the intent to kill Mr. Guevara because he fired the rifle at Mr. Guevara, at close range, and because his actions caused Mr. Guevara's death. *Childs v. State*, 21 S.W.3d 631, 635 (Tex.App.--Houston

-5-

[14th Dist.] 2000, pet. ref'd); *Mendez v. State*, No. 14-04-00025-CR, 2005 WL 231919, at *3 (Tex.App.--Houston [14th Dist.] Feb. 1, 2005, no pet.)(mem. op., not designated for publication)(holding where defendant shot the victim with a shotgun, it was legally sufficient to prove defendant intended to cause the victim's death). Reviewing this evidence in the light most favorable to the verdict, we hold that the evidence was legally sufficient to allow a rational trier of fact to determine that Appellant possessed the intent to kill Mr. Guevara. Similarly, having reviewed the evidence in a neutral light, we conclude the evidence was also factually sufficient to support the jury's finding.

Having determined the evidence was legally and factually sufficient to support the jury's finding of intent or knowledge to kill as alleged in the application paragraph of the jury charge, the evidence is also sufficient to support the jury's verdict of murder. Accordingly, there is no need to address Appellant's challenges to the sufficiency of the evidence regarding intent to cause serious bodily injury or aggravated assault. *Nevarez v. State*, 847 S.W.2d 637, 643 (Tex.App.--El Paso 1993, pet. ref'd), *citing Fuller v. State*, 827 S.W.2d 919, 931 (Tex.Crim.App. 1992). Accordingly, we overrule all three parts of Issue One.

In Issue Two, Appellant challenges the denial of his requested instruction on self-defense. Specifically, Appellant contends that he was entitled to an instruction on self-defense as a matter of law, the denial of this instruction caused "some harm" to him, because the failure to instruct on self-defense went to the very basis of his defensive theory and that he was therefore denied the right to a fair trial.

A defendant is entitled to an instruction on every defensive issue raised by the evidence, regardless of whether the evidence is strong, feeble, unimpeached, or contradicted and regardless

-6-

of what the trial court may think about the credibility of the defense. *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex.Crim.App. 2001). However, the defendant is not entitled to an instruction on the issue if, viewing the evidence in the light most favorable to the defendant, that evidence does not establish self-defense. *See id*. In order to qualify for self-defense instruction, the defendant must meet the requirements set out in Sections 9.31 and 9.32 of the Texas Penal Code. *See Welch v. State*, 908 S.W.2d 258, 264 (Tex.App.--El Paso 1995, no pet.). At the time of Appellant's trial, these provisions required a defendant must provide some evidence that: (1) he was justified in using force; (2) a reasonable person in his situation would not have retreated; and (3) he reasonably believed the use of deadly force was immediately necessary to protect himself against another's use or attempted use of unlawful deadly force, or to prevent the imminent commission of specified violent crimes.[1] *See Riddle v. State*, 888 S.W.2d 1, 7 (Tex.Crim.App. 1994)(citing to former version of Texas Penal Code Sections 9.31 and 9.32)(current version at TEX.PEN.CODE ANN. § 9.32(a)(Vernon Supp. 2009)); *Henderson v. State*, 906 S.W.2d 589, 594 (Tex.App.-- El Paso 1995, pet. ref'd). Additionally, in the absence of evidence of use or attempted use of deadly force by the victim, the Section 9.32 defense is not available and the accused is not entitled to a jury instruction on self-defense. *See Welch*, 908 S.W.2d at 264, *citing Werner v. State*, 711 S.W.2d 639, 644 (Tex.Crim.App. 1986). Only after the defendant meets his initial burden of proof on each element, does the burden shift to the State to disprove the self-defense theory beyond a reasonable doubt. *Saxton v. State*, 804 S.W.2d 910, 913-14 (Tex.Crim.App.

---

[1] We recognize that since Appellant's conviction, the Texas Legislature has amended the self-defense provisions of the penal code to omit the "retreat" requirement formerly part of Section 9.32(a)(2). *See* TEX.PEN.CODE ANN. § 9.32(a)(Vernon Supp. 2009). Our analysis of this case refers to the statutes as they existed at the time of Appellant's conviction.

1991).

There is no evidence that a reasonable person in Appellant's situation would not have retreated. The record in this case illustrates that after getting into the first altercation at the Guevara home, Appellant left to arm himself and obtain ammunition before returning to the Guevara home. Additionally, the State elicited testimony that Appellant did not retreat or attempt to retreat before shooting the rifle, nor did he tell Morales to drive off. Rather, the record reflects that there was nothing that prevented or restricted Appellant or the truck from leaving. The evidence demonstrated that after shooting Mr. Guevara, Appellant and the others in the vehicle had no difficulty driving away.

The only evidence in record that Mr. Guevara used any force against Appellant was Mr. Guevara swinging at Appellant through the truck window. Those actions, taking swings or actually punching Appellant do not constitute deadly force. *See Ogas v. State*, 655 S.W.2d 322, 324 (Tex.App.--Amarillo 1983, no pet.)(holding that a blow to the face with an open or closed hand does not justify deadly force). Because there is no evidence to show that a reasonably minded person would not have retreated or that the victim used deadly force, Appellant was not entitled to an instruction on self-defense.

Consequently, we conclude the trial court did not err by refusing to give the jury an instruction on self-defense. Issue Two is overruled.

Additionally, the trial court certified that Appellant had the right to appeal but the certification does not contain the defendant's signature indicating that he was informed of his rights to appeal and file a *pro se* petition for discretionary review. The certification is defective but is has not been corrected by the trial court or Appellant's attorney. In order to remedy this

-8-

defect, we ORDER Appellant's attorney, pursuant to TEX.R.APP.P. 48.4, to send Appellant a copy of our opinion and judgment, notify Appellant of his right to file a *pro se* petition for discretionary review, and inform Appellant of the pertinent deadlines. *See* TEX.R.APP.P. 48.4, 68. Appellant's attorney is further ORDERED to comply with all of the requirements of Rule 48.4.

Having overruled Appellant's issues presented for review, we affirm the trial court's judgment.


March 10, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)