

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00401-CR

CHINONYELUM S. AGBOR A/K/A STEPHANIE AGBOR          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Chinonyelum S. Agbor a/k/a Stephanie Agbor appeals her conviction for assault causing bodily injury. In three issues, Appellant argues that the trial court erred by allowing the State to amend the information, that she was denied her right to a unanimous jury verdict, and that the trial court abused its

---

[1]*See* Tex. R. App. P. 47.4.

discretion by refusing her requested jury instruction on the defensive issue of "mutual combat." After addressing the issues raised on appeal, we will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Appellant attended the University of North Texas. Crystal Asamoah-Nkansah also attended UNT and was once friends with Appellant. Appellant and Crystal had a falling out over some money that Crystal owed Appellant. As a result, the two would argue when they saw each other. Appellant testified that Crystal was typically the aggressor, and Crystal testified that Appellant was typically the aggressor.

Over a year after Crystal and Appellant's falling out, Crystal went to a party with her friends Joycelyn Larbie, Chantal (Simi) Adegoke, Chinwe Orabuchi, and Stacey Akabue. Stacey got into an argument with her boyfriend at the party, and because her friends did not intervene in the argument, she got mad at them. Appellant was not a part of the dispute between Crystal and Crystal's friends.

A few days later, Crystal, Joycelyn, and Simi drove to Stacey's house to confront Stacey about the dispute, and no one answered when they knocked on Stacey's door. As they walked back to their car, three or four cars pulled up and blocked them in. Stacey, Appellant, and several other individuals got out of the cars. Appellant and Crystal immediately began yelling at each other and got into a physical fight, the events of which were contested at trial. Crystal's eye was cut open, swollen, and bloody, and she had scratches on her body; Appellant sustained bruises and cuts to her body.

2

### III. AMENDMENT TO INFORMATION

In her first issue, Appellant argues that the trial court erred by granting the State's motion to amend the information. Appellant argues that the amendment alleged a new offense in violation of code of criminal procedure article 28.10(a). The State responds, in part, that Appellant waived her complaint by failing to object to the amendment prior to trial.

A defendant who does not object to a defect, error, or irregularity of form or substance in an information before the day of trial waives and forfeits the right to object to the defect, error, or irregularity and may not raise the objection on appeal. Tex. Crim. Proc. Code Ann. art. 1.14(b) (West 2005); *Sanchez v. State*, 120 S.W.3d 359, 364 (Tex. Crim. App. 2003) (explaining that defendant has affirmative duty to object to any defect in indictment before trial and that failure to do so prevents defendant from raising claim of defect for the first time on appeal).

In this case, the State filed a motion to amend the information on July 23, 2012, and a hearing was held that day. At the hearing, Appellant did not object to the amendment; instead, defense counsel stated, "We need to get this case tried." Although Appellant objected to the amendment on the first day of trial ten days later, because she did not object at the pretrial hearing on the State's motion to amend the information or otherwise object prior to the first day of trial, she forfeited the right to do so. *See* Tex. Crim. Proc. Code Ann. art. 1.14(b); *Sanchez*, 120 S.W.3d at 364; *see also Teal v. State*, 230 S.W.3d 172, 182 (Tex. Crim. App. 2007) (holding appellant who did not object to substantive defect in

3

indictment until after jury had been empaneled forfeited right to object to defect). Consequently, we overrule Appellant's first issue.

## IV. JURY UNANIMITY

In her second issue, Appellant argues that her right to a unanimous verdict was violated because the amended information charged her with separate and distinct assaults and because the jury was charged in the disjunctive such that the jurors did not have to unanimously agree on which assault Appellant committed.

Jury unanimity is required in all criminal cases in Texas. *Cosio v. State*, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011); *Landrian v. State*, 268 S.W.3d 532, 535 (Tex. Crim. App. 2008); *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005). Every juror must agree that "the defendant committed the same, single, specific criminal act." *Ngo*, 175 S.W.3d at 745. But this does not mean that the "jury must unanimously find that the defendant committed that crime in one specific way." *Landrian*, 268 S.W.3d at 535. In other words, "[t]he unanimity requirement is not violated by instructing the jury on alternative theories of committing the same offense, in contrast to instructing the jury on two separate offenses involving separate incidents." *Martinez v. State*, 129 S.W.3d 101, 103 (Tex. Crim. App. 2004). A trial court may not submit "separate offenses" to the jury in the disjunctive, but a trial court may submit a disjunctive jury charge and obtain a general verdict when alternate theories or "manner and means" involve the commission of the "same offense." *Clement v. State*, 248 S.W.3d 791, 800

4

(Tex. App.—Fort Worth 2008, no pet.); *see also Ngo*, 175 S.W.3d at 745 (stating that the phrase "manner and means" describes how the defendant committed the specific statutory criminal act).

The court of criminal appeals has identified three situations in which non-unanimity may occur:

> First, non-unanimity may occur when the State presents evidence demonstrating the repetition of the same criminal conduct, but the actual results of the conduct differed. For example, if the State charges the defendant with the theft of one item and the evidence shows that the defendant had in fact stolen two of the same items, the jury's verdict may not be unanimous as to which of the two items the defendant stole. To ensure a unanimous verdict in this situation, the jury charge would have to make clear that the jury must be unanimous about which of the two items was the subject of the single theft.

> Second, non-unanimity may occur when the State charges one offense and presents evidence that the defendant committed the charged offense on multiple but separate occasions. Each of the multiple incidents individually establishes a different offense or unit of prosecution. The judge's charge, to ensure unanimity, would need to instruct the jury that its verdict must be unanimous as to a single offense or unit of prosecution among those presented.

> And third and finally, non-unanimity may occur when the State charges one offense and presents evidence of an offense, committed at a different time, that violated a different provision of the same criminal statute. To ensure unanimity in this situation, the charge would need to instruct the jury that it has to be unanimous about which statutory provision, among those available based on the facts, the defendant violated.

*Cosio*, 353 S.W.3d at 771–72 (citations and footnotes omitted).

Here, the amended information alleged that Appellant intentionally, knowingly, or recklessly caused bodily injury to Crystal by striking or grabbing

5

Crystal with Appellant's hand, or by pulling Crystal's hair, or by pushing or throwing Crystal with Appellant's hand. The application paragraph of the jury charge stated,

> Now, if you find from the evidence beyond a reasonable doubt that . . . [Appellant] did then and there intentionally, knowingly, or recklessly cause bodily injury to Crystal . . . by striking Crystal . . . with [Appellant's] hand or by pulling Crystal['s] . . . hair, or by pushing or throwing Crystal with [Appellant's] hand then you will find [Appellant] guilty as charged in the Information.

The jury returned a general verdict, convicting Appellant of "assault as alleged in the Information."

Appellant argues that the amended information and the jury charge allowed conviction for two separate assaults—(1) by striking or grabbing Crystal with Appellant's hand or by pulling Crystal's hair and (2) by pushing or throwing Crystal with Appellant's hand. But these are allegations of different manners and means by which Appellant committed assault causing bodily injury on Crystal during the single, brief altercation in front of Stacey's house; the jurors were not required to unanimously agree upon the same alleged manner and means. *See Ngo*, 175 S.W.3d at 745–76; *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991), *cert. denied*, 504 U.S. 958 (1992); *Marinos v. State*, 186 S.W.3d 167, 175 (Tex. App.—Austin 2006, pet. ref'd) (explaining that jurors did not have to agree on whether appellant used a bag, or a piece of a bag, or his hand to

6

inflict the bodily injury for an assault causing bodily injury conviction).[2]  None of

the dangers for non-unanimity that the court of criminal appeals described in

*Cosio* or in *Ngo* are present in this case.  *See Cosio*, 353 S.W.3d at 771–72;

*Ngo*, 175 S.W.3d at 745; *see also Kitchens*, 823 S.W.2d at 258.  Because the

jury had to unanimously agree that Appellant committed the same offense—

assault causing bodily injury—during the single physical altercation with Crystal

but did not have to agree on the method of committing that single offense,

Appellant's right to a unanimous verdict was not violated.  We overrule

Appellant's second issue.

## V.  JURY INSTRUCTION

In her third issue, Appellant argues that the trial court abused its discretion

by denying her requested jury instruction on "mutual combat" under penal code

section 22.06.  *See* Tex. Penal Code Ann. § 22.06 (West 2011).

In our review of a jury charge, we first determine whether error occurred; if

error did not occur, our analysis ends.  *Kirsch v. State*, 357 S.W.3d 645, 649

(Tex. Crim. App. 2012).  Generally, a defendant is entitled to a jury instruction on

---

[2]Appellant relies on *Gonzales v. State*, 191 S.W.3d 741, 748 (Tex. App.—Waco 2006, pet. ref'd), as support.  But *Gonzales* deals primarily with the distinction between bodily-injury assault, which is a result-oriented assaultive offense, and assault by threat, which is a conduct-oriented offense, and the difference between bodily-injury aggravated assault using a knife and using a hand.  *See* 191 S.W.3d at 747–49; *see also Landrian v. State*, 268 S.W.3d 532, 536 (Tex. Crim. App. 2008) (aggravated assault by injury is a "separate and distinct" offense from aggravated assault by threat).  Here, only assault causing bodily injury, with differing manners and means, was alleged and submitted to the jury.

7

every defensive issue raised by the evidence. *Allen v. State*, 253 S.W.3d 260, 267 (Tex. Crim. App. 2008). A defense is supported or raised by the evidence "if there is some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that that element is true." *Shaw v. State*, 243 S.W.3d 647, 657–58 (Tex. Crim. App. 2007), *cert. denied*, 553 U.S. 1059 (2008). The defendant bears the burden of showing some evidence exists to support each element of the defense. *Juarez v. State*, 308 S.W.3d 398, 404 (Tex. Crim. App. 2010); *Shaw*, 243 S.W.3d at 657–58. When reviewing a trial court's decision to deny a requested defensive instruction, "we view the evidence in the light most favorable to the defendant's requested submission." *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006). A trial court may refuse an instruction on a defensive theory, however, if the issue was not raised by the evidence. *See Shaw*, 243 S.W.3d at 657–58.

The defensive issue of "mutual combat" is codified in the penal code as "Consent as Defense to Assaultive Conduct." Tex. Penal Code Ann. § 22.06.[3] Penal code section 22.06 provides, in relevant part, that "[t]he victim's effective consent or the actor's reasonable belief that the victim consented to the actor's conduct is a defense to [the offense of assault] if . . . the conduct did not threaten or inflict serious bodily injury." Tex. Penal Code Ann. § 22.06. Consent is

---

[3]Prior to enactment of the statutory defense of consent, the defense of mutual combat required evidence of an antecedent agreement to fight. *See Lujan v. State*, 430 S.W.2d 513, 514 (Tex. Crim. App. 1968). Here, Appellant's requested jury instruction tracked section 22.06's statutory language.

defined as "assent in fact, whether express or apparent." *Id.* § 1.07(a)(11) (West Supp. 2012).

Here, evidence showed that Appellant and Crystal had "bad blood" between them and that, when they saw each other in the past, they had verbal altercations. Appellant testified that Crystal was typically the aggressor and that, during the incident at Stacey's house, both Appellant and Crystal called each other names. Appellant said something hurtful, and Crystal responded by punching Appellant in her face. Appellant testified that Crystal's punch started the fight and that it lasted "a few seconds." Stacey testified that the minute Appellant and Crystal saw each other at Stacey's house, the "bad blood and bad tension" between them rekindled and they started "arguing and fussing and fighting." Stacey also said that Crystal hit Appellant first. Two other friends of Appellant's testified that, although they did not see who started the fight, Appellant made remarks after the fight showing that Crystal hit Appellant first.

Nevertheless, there must be some evidence that Crystal assented in fact, either expressly or impliedly, to Appellant striking or grabbing Crystal, pulling her hair, or pushing or throwing her or some evidence that Appellant reasonably believed that Crystal assented in fact to the assault. *See id.* §§ 1.07(a)(11), 22.06. The evidence in the record shows that Crystal did not go to Stacey's house to confront Appellant or even knew that Appellant would be there; she and her friends went to Stacey's house to confront Stacey about a dispute that Appellant was not involved in. Although the issue of who was the aggressor

9

when Appellant and Crystal saw each other at Stacey's house was hotly contested, when viewed in the light most favorable to Appellant's requested jury instruction, the evidence shows that Appellant and Crystal immediately started arguing when they saw each other and that Crystal pushed Appellant's finger out of the way during the argument and hit Appellant first.  This evidence supports a charge on self-defense, which was given in this case, but we find no evidence that Crystal, by her words or actions, expressly or impliedly consented to Appellant assaulting her or that Appellant held a reasonable belief that Crystal consented to Appellant assaulting her.  *See Bufkin*, 207 S.W.3d at 782. *Compare Carlson v. State*, No. 14-92-00173-CR, 1994 WL 64940, at *1 (Tex. App.—Houston [14th Dist.] Mar. 3, 1994, no pet.) (not designated for publication) (complainant thowing water on appellant and taking first swing supported self-defense charge but not consent charge), *with Allen*, 253 S.W.3d at 266–67 (complainant telling defendant to "go ahead," "come on," "slap me," "hit me," "do it," or some combination of words to that effect raised issue of consent), *and Miller v. State*, 312 S.W.3d 209, 212 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (issue of consent raised when complainant's own testimony showed that he wanted defendant to hit him and when complainant threatened defendant, aggressively moved towards him, and struck the first blow).  Consequently, we overrule Appellant's third issue.

## VI. Conclusion

Having overruled Appellant's three issues, we affirm the trial court's judgment.

PER CURIAM

PANEL:  WALKER, DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 2, 2013

11