**AFFIRM; and Opinion Filed October 1, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-01002-CR**

**QUINTIN RAMONE LANG, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F08-72933-M**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice O'Neill

A jury convicted appellant Quintin Ramone Lang of manslaughter and sentenced him to two years' imprisonment. On appeal, he argues the trial court erred in overruling his motion for instructed verdict, and the evidence is legally insufficient to support his conviction. He further argues the record is insufficient to support the trial court's order to pay $215 in court costs. We affirm the trial court's judgment.

### Background

On the evening of June 19, 2008, Christopher Simpson and his son were walking on Whitehurst Drive in Dallas. Sheena Boone and Oscar King were also walking down the street hand-in-hand. After crossing the street, Sheena described "loudness" and when she looked up, she saw a car "coming full speed at us." She said the car was "coming so fast . . . like a movie," and the next thing she remembered was waking up on the ground and seeing Oscar's shoes on

the sidewalk. She later discovered the car had hit them both and threw Oscar over the nearby bridge into the creek below. The car also hit Christopher and carried him on the windshield before coming to a stop. The car came to rest after hitting the entrance gate to an apartment complex. One witness explained the car did not come to stop by breaking, but only by hitting the gate.

Sheena suffered burns to her right leg from the collision. Oscar suffered multiple injuries requiring a month long hospital stay. Doctors ultimately amputated his left leg. Christopher suffered extensive injuries including a collapsed lung, basilar skull fracture, a subclavian artery transection, and injuries resulting in amputation of both legs. Although Christopher left the accident scene alive, he died eight days later from his injuries.

When officers questioned appellant, he told officers another vehicle came into his lane, causing him to swerve and lose control of his car. Appellant was adamant "he was only going 30 miles an hour," the posted speed limit. At the scene, officers ruled out drugs and alcohol as a contributing factor. Appellant was allowed to leave the scene that night on his own volition with only a citation for failing to have a valid driver's license. He was not arrested and charged with manslaughter until after Christopher died.

A jury convicted appellant of manslaughter and sentenced him to two years' confinement. This appeal followed.

## Motion for Directed Verdict and Sufficiency of the Evidence

Appellant argues the trial court erred by denying his motion for directed verdict because the evidence is legally insufficient to prove he acted recklessly in the operation of his car on the night in question. Specifically, he asserts the State failed to prove he was driving above the posted thirty-miles-per-hour speed limit or that he failed to maintain a single lane of traffic. He claims the events were nothing more than a tragic accident caused by overcorrecting his car after

being cut off. The State responds appellant's arguments are essentially factual sufficiency challenges, which the jury was free to reject, and under the appropriate legal sufficiency standard of review, the record supports his conviction. We agree with the State.

A motion for directed verdict is reviewed the same as a review of the legal sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). In reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the conviction to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). The court's duty is not to reweigh the evidence from a cold record but to "position itself as a final, due process safeguard ensuring only the rationality of the factfinder." *Matamoros v. State*, 901 S.W.2d 470, 474 (Tex. Crim. App. 1995). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319.

A conviction for manslaughter requires proof that appellant recklessly caused the death of an individual. TEX. PENAL CODE ANN. § 19.04(a) (West 2011). A person acts recklessly when

> [H]e is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

*Id*. § 6.03(c) (West 2011).

The jury was authorized to find appellant committed three alternate forms of reckless conduct: (1) driving above the posted speed limit; (2) failing to maintain a single lane of traffic; and (3) colliding with Christopher. Therefore, the verdict must stand if the evidence is sufficient to support any of the reckless acts as charged. *See Kitchens v. State*, 823 S.W.2d 256, 258 (Tex.

Crim. App. 1991); *Silvey v. State*, No. 05-11-01443-CR, 2013 WL 398742, at *6 (Tex. App.—Dallas Jan. 31, 2013, pet. ref'd) (mem. op., not designated for publication).

While appellant attacks the police investigation, asserts his exact speed was never established, adamantly denies going over the speed limit, and argues it was an unfortunate accident, the jury was free to reject his claims. Numerous witnesses testified to hearing screeching tires and seeing appellant speeding down the street.

Oscar testified the car was "obviously" speeding because of how it "jumped the curb and hit us" and the "kind of destruction that it did cause." James Browder, the accident investigator, testified that based on his investigation, appellant was speeding.

August Oreaboe, the maintenance man at the apartment complex, testified he heard tires spinning, and when he looked up, he saw a car "toting something in front . . ., a body." He also testified that the front-gate camera recorded the incident, and it showed appellant speeding.[1] "The car went by the front gate so fast. Anybody would look at it and sa[y] that he was speeding."

Appellant hit three people on the sidewalk before hitting the gate. August testified appellant did not hit his brakes, but rather the impact of the gate caused the car to stop. Moreover, the jury heard detailed descriptions of the extensive injuries Sheena, Oscar, and Christopher sustained as a result of appellant's driving on a winding street.

It was reasonable for the jury to infer from the injuries and damage that appellant's actions were consistent with a high speed collision. *See, e.g., McCumber v. State,* No. 04-00-00488-CR, 2002 WL 663646, at *3 (Tex. App.—San Antonio Apr. 24, 2002, no pet.) (not designated for publication) (holding that despite officer's failure to make a speed determination, circumstantial evidence of the injuries and damage to defendant's car were consistent with a high

---

[1] The videotape was not admitted into evidence.

speed collision). Despite his arguments to the contrary, appellant has not cited to any authority, and we have found none, that required the State to prove the exact speed of his car before a jury could find him reckless. Accordingly, viewing the evidence in the light most favorable to the verdict, it was reasonable for the jury to conclude appellant was aware of but consciously disregarded a substantial and unjustifiable risk by driving down a winding road at a rate of speed that did not allow him to make the alleged evasive maneuvers to avoid another car without causing serious injury and death to pedestrians on the sidewalk. Thus, the evidence is legally sufficient to support his conviction, and the trial court did not err in denying his motion for directed verdict.

Because the record supports his reckless conduct for driving above the posted speed limit, we need not address the State's alternative reckless acts included in the indictment. *See Kitchens*, 823 S.W.2d at 258; *Silvey*, 2013 WL 398742, at *6. We overrule appellant's first and second issues.

## Court Costs

In his third issue, appellant argues the evidence is insufficient to support the trial court's order to pay $215 in court costs because the clerk's record does not contain a bill of costs. Because the clerk's record did not contain a bill of costs, we ordered the Dallas County District Court to file a supplemental record containing the certified bill of costs associated with this case, and the clerk did so. *See* TEX. R. APP. P. 34.5(c)(1) (stating rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted). With the supplemental clerk's record containing the bill of costs now before us, appellant's complaint that the evidence is insufficient to support the imposition of costs is now moot. *See Franklin v. State*, 402 S.W.3d 894, 894 (Tex. App.—Dallas 2013, no pet.).

However, appellant has filed two objections to our order requiring supplementation. He complains the clerk did not file a "proper bill of costs" because (1) it is an unsworn, unsigned computer printout, and (2) the record does not indicate the bill of costs was filed or brought to the trial court's attention before costs were entered. We have previously addressed and overruled both of these arguments in *Coronel v. State*, No. 05-12-00493-CR, 2013 WL 3874446, at *4–5 (Tex. App.—Dallas July 29, 2013, no pet.). Accordingly, we overrule appellant's third issue.

## Conclusion

Having overruled appellant's arguments, we affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121002F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

QUINTIN RAMONE LANG, Appellant

No. 05-12-01002-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F08-72933-M.
Opinion delivered by Justice O'Neill.
Justices Lang-Miers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 1st day of October, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE