**AFFIRMED as MODIFIED and Opinion Filed January 27, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01118-CR

**JEROME JORDAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F-1675605-J**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Evans
Opinion by Justice Reichek

Jerome Jordan appeals his conviction for aggravated robbery. Bringing two issues, appellant contends the trial court erred by submitting a jury charge that did not require a unanimous verdict and the judgment should be reformed to reflect the correct offense for which he was convicted. We agree the judgment should be reformed as appellant requests. We disagree, however, that the court's charge was erroneous. Accordingly, we reform the judgment to reflect the correct offense and, as modified, we affirm.

### Factual Background

In early 2016, appellant was a passenger on a Greyhound bus being driven by Brandon Patterson. Both Patterson and appellant lived in Dallas and they discussed getting together to smoke marijuana. The two men sent text messages to each other for several weeks until Patterson

sent appellant a message on April 20, 2016 asking if they could meet. Appellant sent Patterson his address.

Patterson drove to appellant's apartment complex and appellant invited him inside. Appellant suggested they go get some "weed" and Patterson responded that he only had $20 with him. Appellant asked "Why would you come over here with only $20 and we were talking about getting high?"

At that point, appellant went into his bathroom and came out with an assault rifle. Appellant pointed the gun at Patterson and told him to hand over his phone and keys, take off his shoes, and get on the ground. Appellant said, "I know you're not gonna make me kill you over some money." When Patterson refused to get on the ground, appellant shot him in the leg.

Once Patterson was laying on the floor, appellant began circling around, ranting about money. He then picked up some cables and Patterson thought appellant was going to use the cables to tie him up. When appellant placed the gun against the wall, Patterson crawled towards it and he and appellant grabbed the gun at the same time. As they struggled over control of the gun, it discharged. Appellant shouted that his brother was in the other room and Patterson had forced him to shoot through the wall. Appellant then stabbed Patterson in the chest with a knife Patterson had earlier seen lying on a nearby table. Patterson testified he remembered being stabbed twice.

Patterson heard someone come to the apartment door, bang on the outside, and ask if everything was okay. Patterson yelled back that appellant was trying to kill him and asked the person to call the police. Appellant became more upset and tried to stab Patterson in the neck, but the knife either "folded" or broke. Appellant then fled the apartment. Police found appellant the next day in a truck parked in the apartment complex parking lot. Patterson's wallet was recovered from the truck. Appellant was arrested and indicted for aggravated robbery. The indictment alleged that appellant used and exhibited both a gun and a knife during the course of the offense.

Appellant was tried before a jury. After the evidence was presented, the trial court submitted a jury charge to which appellant did not object. The abstract portion of the charge instructed the jury that "[a] person commits the offense of robbery if, in the course of committing theft and with intent to obtain and maintain control of property of another, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." It further instructed that "[a] person commits the offense of aggravated robbery if the person committing robbery uses or exhibits a deadly weapon." "Deadly weapon" was defined as "a firearm or anything manifestly designed, made, or adapted for the purpose of causing death or serious bodily injury, or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." The application portion of the charge read as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 20th day of April, 2016, in Dallas County, Texas, the defendant, JEROME JORDAN, did then and there intentionally or knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, threaten or place BRANDON PATTERSON in fear of imminent bodily injury or death, and the defendant used or exhibited a deadly weapon, to-wit: a firearm, then you will find the defendant guilty of aggravated robbery as charged in the indictment.

> Alternatively, if you find from the evidence beyond a reasonable doubt that on or about the 20th day of April, 2016, in Dallas County, Texas, the defendant, JEROME JORDAN, did then and there intentionally or knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, threaten or place BRANDON PATTERSON in fear of imminent bodily injury or death, and the defendant used or exhibited a deadly weapon, to-wit: a knife, then you will find the defendant guilty of aggravated robbery as charged in the indictment.

The jury was instructed that its verdict was required to be by a unanimous vote of all members and the verdict form returned by the jury stated it unanimously found appellant guilty of aggravated robbery. Appellant brought this appeal.

**Analysis**

## I. Unanimity of Verdict

In his first issue, appellant contends the jury charge erroneously allowed the jury to convict him without requiring it to agree unanimously on all essential elements of the offense. Appellant argues the jury was required to make a unanimous decision regarding the type of deadly weapon used and submission of different theories of the offense in the disjunctive allowed for an impermissible non-unanimous verdict. We note that appellant does not challenge the sufficiency of the evidence supporting a finding on either weapon.

It has long been held that, when the State alleges differing methods of committing an offense in the conjunctive, it is proper for the jury to be charged in the disjunctive. *See Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991) (en banc). Further, where alternative methods of committing the same offense are submitted to the jury in the disjunctive, it is appropriate for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories submitted. *Id.* There is no requirement that the jury reach an agreement on the preliminary factual issues which underlie the verdict. *Id.* Although the jury must unanimously agree that the defendant committed one specific crime, the jury need not find unanimously that the defendant committed the crime in one specific manner or using the same specific means. *Landrian v. State*, 268 S.W.3d 532, 535 (Tex. Crim. App. 2006); *Russell v. State*, No. 05-17-00124-CR, 2018 WL 525559, at *11 (Tex. App.—Dallas Jan. 24, 2018, pet. ref'd) (jury need only agree unanimously as to fact that appellant committed murder, not as to specific manner and means of how appellant committed murder).

The element of the offense at issue here is the jury's finding that appellant used or exhibited a deadly weapon. As stated above, appellant does not challenge the sufficiency of the evidence to support a finding that a knife and/or gun was used in the offense. Nor does he dispute that both

–4–

were deadly weapons under the facts of this case. Because the element of the offense on which the jury had to agree was only that appellant used or exhibited a deadly weapon, and both weapons alleged by the State qualified as such, there was no need for the jury to unanimously agree on which weapon was used. *See Landrian*, 268 S.W.3d at 535; *see also Ruiz v. State*, No 03-97-00051-CR, 1998 WL 644299, at *2 (Tex. App.—Austin Sept. 17, 1998, pet. ref'd) (proper to submit in disjunctive the nature of the deadly weapon used or exhibited during commission of offense). We conclude the court's charge on the issue was proper. We overrule appellant's first issue.

## II. Judgment Modification

In his second issue, appellant requests this Court modify the trial court's judgment to reflect the correct offense for which he was convicted. The State agrees. Appellant was tried and convicted for the offense of aggravated robbery. The judgment, however, states appellant was convicted for the offense of "AGGRAVATED ASSALT [sic] WITH A DEADLY WEAPON – TO WIT: A FIREARM/KNIFE." We have the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (en banc); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Because the record affirmatively shows appellant was convicted for aggravated robbery, we modify the trial court's judgment by striking the word "ASSALT" from the space provided for "Offense for which Defendant Convicted" and replace it with the word "ROBBERY."

As modified, we affirm the trial court's judgment.

/Amanda L. Reichek/

AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
181118F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JEROME JORDAN, Appellant

No. 05-18-01118-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F-1675605-J.
Opinion delivered by Justice Reichek.
Justices Molberg and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:
The word "ASSALT" in the space provided for "Offense for which Defendant Convicted" is **STRUCK** and **REPLACED** with the word "ROBBERY."
As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered January 27, 2020