

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0148-23

### JAMES EARNEST FLOYD, JR., Appellant

### v.

### THE STATE OF TEXAS

### ON COURT'S OWN MOTION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### TARRANT COUNTY

**KELLER, P.J., filed a concurring opinion.**

### CONCURRING OPINION

The Court gets it exactly right when it concludes that the double-jeopardy holding in *Cooper*[1]

means that there is no jury-unanimity violation in the present case. In my concurring opinion in

*Cooper*, I made the point that the offense of robbery is sufficiently like the offense of capital murder

to be treated the same way in determining whether different statutory methods of commission are

---

[1] *Cooper v. State*, 430 S.W.3d 426 (Tex. Crim. App. 2014).

merely different manners and means or are separate offenses.[2] For both capital murder and robbery, many of the methods of commission are compound offenses, which suggests that the different methods of commission are mere manners and means and are *not* separate offenses.

There is a general pattern in the Penal Code for compound offenses: (1) a shared offense that is the same for every version of the compound offense, and (2) an underlying offense that varies, resulting in different methods of committing the compound offense. For capital murder, the shared offense is murder.[3] A number of offenses can serve as the underlying offense for capital murder, including, for instance, kidnapping, burglary, robbery, and a second murder.[4] Burglary is another example of an offense that can be a compound offense. The shared element in a burglary is entry.[5] The underlying offense in a burglary can be a felony, a theft, or an assault.[6] And robbery, too, can be a compound offense, although the list of underlying offenses is much shorter. The shared offense in a robbery is a theft.[7] The possible underlying offenses for robbery are bodily injury assault and threat assault.[8]

Not every version of capital murder, burglary, and robbery are compound offenses. There are a number of ways to commit capital murder without an underlying offense, including murdering

---

[2] *Id.* at 429-32 (Keller, P.J., concurring) (heading titled "Structure of the Robbery Statute and the Capital Murder Analogy").

[3] TEX. PENAL CODE § 19.03(a).

[4] *Id.* § 19.03(a)(2), (4), (7).

[5] *Id.* § 30.02(a)(1), (3).

[6] *Id.*

[7] *Id.* § 29.02(a).

[8] *Id.* § 29.02(a)(1), (2).

a peace officer, murdering for hire, and murdering a child under age 10.[9]  A burglary can be committed if entry is made with *intent* to commit certain offenses, even if an actual or attempted commission of the underlying offense never occurs.[10]  And a robbery can be committed if a person, while in the course of committing theft, "intentionally or knowingly . . . places another in fear of imminent bodily injury or death" even if that conduct does not rise to the level of a "threat" needed to establish an assault.[11]

At least ordinarily, and perhaps always, when a statute creates an offense that is a compound offense in some of its variations, all of the variations of the offense are simply different manners and means of commission, and they constitute a single offense for both double jeopardy and jury unanimity purposes.  We have held this to be true, in the double-jeopardy and jury-unanimity context, for both capital murder and burglary.[12]  In the double-jeopardy context, we held it to be true of robbery in *Cooper*.[13]  The Court's holding in the present case is simply the natural progression of those cases.

---

[9]  *Id.* § 19.03(a)(1), (3), (8).

[10]  *Id.* § 30.02(a)(1).

[11]  *See id.* § 29.02(a)(2) ("intentionally or knowingly threatens or places another in fear of imminent bodily injury or death"); 22.01(a)(2) ("intentionally or knowingly threatens another with imminent bodily injury").  *See also Cooper*, 430 S.W.3d at 432-34 (Keller, P.J., concurring) (arguing that a completed assault is not always required for a robbery).

[12]  *Gardner v. State*, 306 S.W.3d 274, 301-02 (Tex. Crim. App. 2009) (capital murder / jury unanimity); *Kitchens v. State*, 823 S.W.2d 256 (Tex. Crim. App. 1991) (capital murder / jury unanimity); *Davis v. State*, 313 S.W.3d 317, 342 (Tex. Crim. App. 2010) (capital murder and burglary / jury unanimity); *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006) (burglary / double jeopardy); *Ramirez v. State*, 621 S.W.3d 711, 713 n.2 (Tex. Crim. App. 2021) (capital murder / double jeopardy).

[13]  430 S.W.3d at 427.

The dissent focuses on the offense of assault, which is never a compound offense. Focusing on the type of gravamen an offense involves—result of conduct, nature of conduct, or circumstances surrounding the conduct—works well for an offense that is never a compound offense. But a compound offenses create complications. The two different offenses that make up a compound offense can have different gravamina. Gravamina can also vary across possible underlying offenses.

In capital murder, for example, the shared murder element is a result offense but underlying offenses are mainly nature-of-conduct offenses (e.g., kidnapping or aggravated sexual assault), though a second murder would be a result offense, and burglary and robbery are themselves often compound offenses. In addition, some methods of committing capital murder that do not involve an underlying offense involve circumstances surrounding the conduct such as the victim being a peace officer or a child under age 10.

In a burglary, any felony can be an underlying offense, which would include offenses that fall in all three categories of gravamina. And both forms of assault—by bodily injury or by threat—could be alleged as underlying offenses for a burglary, but no one would seriously think that the inclusion of both methods of assault in a burglary case would result in separate offenses for jury unanimity purposes. Even setting aside that scenario, there could be a situation in which a defendant commits a single entry and then commits both a felony and an assault. The gravamen of the felony at issue (e.g., kidnapping with a nature-of-conduct gravamen) could be of a different type than the gravamen of the assault (e.g., a bodily injury assault with a result gravamen).

So it should not be a surprise that robbery, as an offense that is often (perhaps usually) a compound offense, could have alternate manners and means of commission with different types of gravamina. What complicates the question for the offense of robbery is that this Court has

previously emphasized the "assaultive" nature of the offense in determining that the unit of prosecution is each victim rather than what is stolen.[14] The common "theft" element of robbery does not have quite the prominence as the "murder" element in capital murder or the "entry" element in burglary. But the structure of the robbery statute mirrors the structure of the capital murder statute: a shared element (murder for capital murder, theft for robbery) followed by subsections enumerating alternative circumstances, many (but not all) of which constitute separate underlying offenses.[15] That is different from the assault statute, in which three methods of committing assault are set forth in independent subsections.[16] So, on balance, the robbery offense appears to be much more like the offense of capital murder than the offense of assault when it comes to how we view alternative methods of commission. And we essentially made that determination in *Cooper* when we found the different variations of robbery to be the same offense for double-jeopardy purposes. The dissent's arguments, if accepted, would also undermine the double-jeopardy holding in *Cooper*. The Court is correct not to accept those arguments. As with other offenses that fall within the "compound offense" category, robbery should be treated as a single offense with multiple manners and means of commission for both double jeopardy and unanimity purposes.

I join the Court's opinion.

Filed: November 13, 2024
Publish

---

[14] *See id.* at 430 (Keller, P.J., concurring) (discussing *Ex parte Hawkins*, 6 S.W.3d 554 (Tex. Crim. App. 1999)).

[15] *Compare* TEX. PENAL CODE § 19.03(a) *with id.* § 29.02(a).

[16] *See id.* § 22.01(a)(1), (2), (3).